# Seaboard Air Line Ry. *v.* Hubbard.

## *Attachment Suit.*

1. *Rulings on motion to quash should be shown by bill of exception on appeal.*—The rulings of the trial court on motion to quash a writ of attachment, service, etc., will not be reviewed on appeal unless such rulings are presented by a bill of exceptions.

2. *Pleading and practice; how assignment of error upon pleadings considered on appeal.*—When an assignment of error, based upon the rulings of a trial court, upon demurrers to two seperate pleas, is a joint and single assignment, it is unavailing to work a reversal of the judgment, unless there was error in the ruling upon the demurrer to each of the pleas.

3. *Action against railroad company for breach of contract of affreightment, admissible in evidence.*—In an action against a railroad company to recover damages for the breach of a contract of affreightment, a statement and a certificate made by the conductor of the defendant relating to a transaction that was past, having reference to the freight shipped over the defendant's line, is not admissible in evidence over the defendant's objection.

[Seaboard Air Line Ry. v. Hubbard.]

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. S. ANDERSON.

Asbel Hubbard, a resident of Mobile, instituted a suit against the defendant in the circuit court of Mobile county, Alabama, on the 26th day of September, 1902, by having a summons issued by the clerk on said last named date. This summons was never served, for the reason that there was no person in Mobile county upon whom it could be served. Subsequently, on the 27th day of September, 1902, the plaintiff made an affidavit for attachment upon the ground that the defendant was a non-resident, and writ of attachment was issued on the same day by the clerk of the circuit court of Mobile county, and was, on October 6th, 1902, levied upon a freight car, the property of the defendant, by the sheriff of Mobile county. Notice of the levy was given by the sheriff of Mobile county, in writing, which notice was served upon the agent of the defendant at Montgomery, Alabama, by the sheriff of Montgomery county, Alabama. Subsequently, on the 11th day of October, 1902, the car levied upon was released, in pursuance of an agreement entered into between counsel. Subsequently, on November 25, 1902, defendant appearing specially by its counsel, made a motion, first, to quash the service in the case; second, to quash the notice and service, which motions were overruled by the court. Thereafter the defendant made a motion to quash the writ of attachment, still appearing specially and solely for that purpose. This motion was overruled by the court. These rulings are not shown by the bill of exceptions.

Thereupon the defendant filed two pleas in abatement, which are in words and figures as follows: "1. Because this defendant says that at the time of the commencement of this suit it was a non-resident corporation of the State of Alabama, and was a corporation incorporated under the laws of Virginia and a citizen of the State of Virginia, and resided out of the State of Alabama, and that it had a known place of business in the State of Alabama, to-wit, Montgomery, Alabama, and had named an authorized agent therein, to-wit, Edward A. Graham, Montgomery, Alabama, and that at the time of the com-

mencement of this suit this defendant was not doing business in the county of Mobile and State of Alabama." "2. That this defendant is a corporation organized under the laws of the State of Virginia, and is a citizen of the State of Virginia and resides out of the State of Alabama, and the cause of action upon which this su`t is brought arose outside of the State of Alabama and in the State of North Carolina; and that the suit is not upon any contract entered into with reference to a subject matter within this State, but that the respective rights of the parties to this suit, so far as they relate to the subject matter thereof, depend upon the laws of the State of Virginia in which this defendant resides, or the laws of the State of North Carolina, in which the cause of action, if any, arose. And this the defendant is ready to verify." "Wherefore, it prays judgment of the said writ and declaration, and that the same may be quashed."

The plaintiff demurred "separately and severally to each plea in abatement, upon the following grounds: 1. That it appears from the complaint in this cause that this action is upon a contract of affreightment made in Alabama and within the jurisdiction of this court. 2. Because this cause is now an attachment suit and strictly within the class of cases permitted by the statute laws of Alabama. 3. Because it affirmatively appears from said pleas that defendant is a non-resident and from the complaint that the cause of action is upon a contract made in Alabama and that an attachment properly issued thereon and that the defendant replevied the property levied on in this cause and has thereby submitted itself to the jurisdiction of this court.

This demurrer was sustained and issue was joined on plea of the general issue.

The evidence disclosed that the plaintiff shipped via the Mobile & Ohio Railroad, from Mobile, Alabama, to Wilmington, N. C., a carload of bananas on the 28th day of June, 1901; that the car of bananas left Mobile late in the afternoon of said last named date and were in good condition when they started. That when said bananas arrived at Wilmington they were worthless. That said bananas arrived at Wilmington over the line of the

defendant company; that in North Carolina they were in charge of the defendant company, and that the vents of the car were closed, when witness Murray saw them in North Carolina. There is no question but that the bananas were damaged when they arrived at Wilmington.

During the trial of the case the witness Murray testified that one Roseborough, who was conductor of the train in which was the car containing the damaged bananas, stated to him upon the arrival of said train at Wilmington, N. C., that the vents in the car were closed when he took charge of the car, and that upon the witness Murray asking said Roseborough to make a written statement to that effect, he made such statement. This written statement was introduced in evidence by the plaintiff.

The defendant moved the court to exclude the testimony of the witness Murray, as to what occurred between him and Roseborough, the conductor, together with the paper claimed to have been written by said conductor, offered in evidence, because same was a declaration of an agent as to a past transaction, and because said agent had no authority to bind the principal in such way.

The court overruled the motion and to this ruling the defendant duly excepted. There were verdict and judgment for the plaintiff, and from this judgment the defendant appeals.

The assignment of error in reference to sustaining the demurrers to the pleas in abatement was as follows: "The court erred in sustaining the demurrer to pleas in abatement one and two."

GRAHAM & STEINER and MCINTOSH & RICH, for appellant.—Suing out of summons and complaint is commencement of suit when placed with sheriff.—*West v. Engel*, 101 Ala. 509. Actions *ex contractu* must be brought in the county of the residence of the defendant. *Montgomery Iron Works v. Eufaula Oil & Fertilizer Co.;* 110 Ala. 395; *Home Protection of North Ala. v. Richards & Sons*, 74 Ala. 466. If the action brought is *ex contractu* the demurrer to the plea in abatement should have

been overruled; if *ex delicto,* there can be no question nor will it be argued but that the pleas in abatement were good.

The court below clearly erred in refusing to exclude the testimony of the witness Murray as to his conversation with Conductor Roseborough. The reasons set forth in the objection are perfectly plain and need no argument to sustain them. It was a declaration of an agent as to a past transaction, and not such an agent whose declaration would bind the principal. This is clearly an error, and one which should work a reversal of the case.

FITTS & STOUTZ, *contra.*—The demurrer to the plea in abatement was properly sustained.—*Stamphill v. Franklin Co.,* 86 Ala. 392; *Kres v. Porter,* 31 So. Rep., 377 Ala. The motion to exclude the testimony of the witness Murray was properly overruled. This testimony was of things that happened while the car was still in transit just as the car rolled in and was so closely connected with the action itself that it is part of the *res gestae.*—*Roland v. State,* 105 Ala. 41; *Marks v. Bank,* 79 Ala. 550, 561; *Helton v. Ala. Mid. Ry.,* 97 Ala. 282; *Perryman v. Wolfe,* 93 Ala. 291.

DOWDELL, J.—The first three assignments of error are directed to rulings of the lower court on motions to quash the writ of attachment, its service, etc. Such rulings are subject to review on appeal only when duly presented by bill of exceptions.—*Logan v. Adams Machine Co.,* 135 Ala. 475, and authorities there cited. The bill of exceptions in the present case fails to set out the motions and the rulings thereon, and the fact that exceptions were reserved to such rulings. It is wholly silent as to these matters.

The suit was commenced by summons and complaint. The claim of damages is based upon an alleged breach of contract for the affreightment of goods, and is therefore an action *ex contractu.* Subsequent to the suing out of the summons and complaint, the plaintiff sued out an ancillary attachment under section 558 of the Code. At the first term of the court after the commencement of the

suit, the defendant filed pleas in abatement numbered 1 and 2 to the jurisdiction of the court. To these pleas the plaintiff interposed demurrers which were sustained by the court. The assignment of error on the ruling of the trial court on the demurrer to these two pleas is a joint and single assignment, and unless there was error in sustaining the demurrer to both pleas, the assignment is bad and unavailing.—*Mobile, Jackson & Kansas City R. R. Co. v. Bromberg,* (Ala.), 37 So. Rep. 395. The plea numbered 2 proceeds upon the theory that the action is in tort, whereas, it is *ex contractu.* The plea was therefore bad and subject to demurrer.

Upon the trial of the case, the plaintiff was permitted by the court against the objection of the defendant, to prove a statement made by one Roseboro, a conductor of the defendant company, upon the arrival of the train, in which was the car of bananas in question, at Wilmington, N. C.; that the vents of the said car were down when he received the same at Hamlet, N. C., and, also, a certificate to the same effect made by said Roseboro. Both the statement and the certificate related to a transaction that was past, and was not admissible in evidence over defendant's objection. The trial court erred in the admission of this evidence, and for this error the judgment must be reversed and the cause remanded.

Reversed and remanded.

McCLELLAN, C. J., HARALSON and DENSON, J.J., concurring.