# Rabitte *v.* Alabama Great Southern Ry. Co.

*Action for Damages for Injury to Passenger.*

(Decided Nov. 19, 1908.  47 South. 573.)

1. *Release; Rescission for Fraud; Condition Precedent; Restoration.*—Where one executes a release in writing for a sum certain in release of claim for damages on account of injuries, as a condition precedent to a rescission of the release for fraud of the procuring agents, such person must restore what has been received, or must show that what was received was worthless, or that offer to restore would be futile, or that restoral has been waived, since one cannot assail a release and retain its fruits.

2. *Same; Avoidance; Return of Consideration.*—Having received a sum in satisfaction of the demand, the subsequent and voluntary delivery of the same to the agent of the company paying the same will not destroy the contract of release, when the same is fully exectued by the payment and receipt of the money and the signing of the release.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Personal injury action by Mary J. Rabitte against the Alabama Great Southern Railroad Company.  A demurrer to replications was sustained, and plaintiff appeals. Affirmed.

S. A. WOOD, for appellant.  The court erred in sustaining demurrers to plaintiff's replication.  It was not necessary under the facts alleged therein that the money should be refunded or tendered.—*Western Ry. v. Arnett,* 137 Ala. 414; 83 S. W. 332; 89 S. W. 709; Am. Dig. 1905 A, p. 3689.  A release obtained when defendant was suffering from the shock can be avoided.—108 Ill. App. 357; Am. Dig. 1904-A, p. 3854.  On the question of the conclusiveness of the replication, see *Stephenson v. Allison,* 23 Ala. 439; *Hartford v. Kirkpatrick,* 111 Ala. 456; 158 U. S. 326; 127 N. Y. 557; 160 Mass. 447; 109 Ill. 120.

A. G. & E. D. SMITH, for appellee. The court properly sustained demurrers to the replication.—*Harrison v. Ala. Mid. Ry.*, 144 Ala. 246; *Crenzen v. Southern Ry. Co.*, 13 N. Y. Supp. 588; *Gould v. Nat. Bank*, 86 N. Y. 75; *Ins. Co. v. Girton*, 24 N. E. 984; *Pangborn v. Ins. Co.*, 35 N. W. 814; *Ansley v. Bank of Piedmont*, 21 South. 59; *Wilcox v. San Jose*, 21 South. 375; 2 A. & E. Ry. Cases, (N. S.) 414. A mere general averment of cause without facts is not sufficient.—100 Ala. 201; 98 Ala. 524; 114 Ala. 642. The name of the agent or servant charged with the fraud is not given.—*Pinkston v. Boykin*, 30 South. 398.

McCLELLAN, J.—The plaintiff (appellant) instituted this action to recover damages for injuries received by her in consequence of the alleged negligence of the defendant, a common carrier of passengers. By special plea the defendant set up the defense of payment and written and executed release by the plaintiff of the damages alleged to have been her due, upon the recited consideration of $55. Three replications to this plea were filed by the plaintiff, wherein it is not denied that she executed the release, and confessing that she received said sum from an agent of the defendant, but asserting that the arrangement and her action was induced by the fraudulent acts and advice of agents or servants of the defendant, and that at the time she was mentally and physically in such state as to be unable to fairly take care of her own interests in the premises. Among other points of objection to the replications, taken by the demurrer, is that they seek a rescission, on the ground of fraud, of a merely, at the remotely expressed election of the rescinding party, viodable contract, without returning or offering to return, or averring some good reason for not so doing, the money received there-

[Rabitte v. Alabama Great Southern Railway Co.]

under. Waiving consideration of all other grounds urg-
ed, the demurrer was well sustained on the point just
stated.

The principle invoked has been often applied by this
court to cases of various kinds of agreements and con-
tracts merely voidable, upon seasonable election, in con-
sequence of fraudulent representations or acts practiced
upon the party desiring to rescind the same. In order
to clothe himself with all the legal habiliments of right
to be restored to that with which he has parted as a re-
sult of the fraud imputed to his adversary, or to remove
the impediment of his agreement of contract, he must
make restoration of what he has received from the ad-
versary, place him in statu quo, or must show it was
worthless, thus obviating the necessity to a restoration
of the valueless, or that an offer of restoral would have
been futile, or that it had been waived. The following
decisions, among others, of this court, illustrate the prin-
ciple stated:—*Jones v. Anderson,* 82 Ala. 302, 2 South.
911; *Walker v. L. & N. R. R. Co.,* 111 Ala. 233, 20 South.
358; *Young v. Arntze,* 86 Ala. 116, 5 South. 253; *Hoyt
v. Turner,* 84 Ala. 523, 4 South. 658; *Wilcox v. San jose
Co.,* 113 Ala. 519, 21 South. 376, 59 Am. St. Rep. 135;
*Wellden v. Witt,* 145 Ala. 605, 40 South. 126; *Royal v.
Goss,* 154 Ala. 117, 45 South. 231; and *Harrison v. Ala.
Mid. Ry. Co.,* 144 Ala. 246, 40 South. 394. The founda
tion of the principle is that he cannot both assail his
contract and retain its fruits. The decision last cited
is immediately in point, and its influence in affecting the
determination of the question considered cannot be qual-
ified by an effort at differentiation. Nor can we draw
from the replications, in this ruling on demurrer to
them, any inference than that she received the sum
averred by the plea to have been paid to her. Having
received it in satisfaction of her demand, her subsequent

28—8

and voluntary delivery of it to even an agent of the defendant could not operate to destroy the contract for release of the damages claimed, a contract fully executed, by the payment and receipt of the sum stated and the signing of the instrument of release. Additionally, it does not appear from the replications that any indicia of fraud attended or induced the surrender of the money to Copeland, even if he be deemed to have on that occasion been an agent of the defendant, an assumption to which we cannot accede.

The demurrer was correctly sustained, and the judgment is affirmed.

Affirmed

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.