# Louisville & Nashville R. R. Co. v. Huffstutler.

## Injury to Passenger.

(Decided May 11, 1909.   Rehearing denied June 30, 1909.
50 South. 146.)

1. *Bills of Exceptions; Signing; Time.*—Where a special term of court was called for Oct. 28, 1907, to continue two weeks, and it appeared that the order calling the term set down the criminal business to be disposed of during the week beginning Nov. 4, and this cause was tried, and judgment entered Nov. 2, which judgment entry contained a recital that the defendant was to have sixty days from the adjournment of court within which to prepare and present its bill of exceptions, a bill of exceptions signed Jan. 2, 1908, was signed in time.

2. *Release; Pleading; Avoidance of Defense; Replication.*—Where the action was for injury to a passenger and the defense was a settlement and release made with plaintiff, a replication asserting that at the time said settlement was made plaintiff did not have the mental capacity to make it, is a sufficient statement that plaintiff's mind was in such an unsound condition as to render him incapable of making a binding contract.

3. *Same; Fraud.*—If one obtains a settlement of a claim of an injured person when he was in a weak, mental and physical condition

resulting from the injuries, and incapable of knowing the extent of his injuries at a time when he was alone and without advisers, knowing of the injured person's condition, and thus induced and unduly influence him to make a settlement for a sum grossly less than a fair compensation, the settlement would be invalid for fraud.

4. *Appeal and Error; Harmless Error; Overruling Demurrer.*— Where no testimony was offered to support a replication, if it was error to overrule a demurrer thereto, the error was harmless.

APPEAL from Blount Circuit Court.

Heard before Hon. JOHN W. INZER.

Action by Hezekiah Huffstutler against the Louisville & Nashville Railroad Company, for injuries to him while a passenger. From a judgment for plaintiff defendant appeals. Affirmed.

WARD & WEAVER, for appellant. Counsel insist that the court erred in overruling demurrer to plaintiff's replication to their pleas of release, and in support thereof cite.—*Hooper v. Whittaker,* 30 South. 355; *Hartford F. I. Co. v. Kirkpatrick,* 20 South. 651; *McDonald v. Pearson,* 21 South. 234. The 4th replication was especially bad.—*Baalam v. Snoddy,* 132 Ind. 480; *Templeton v. Sharpe,* 9 S. W. 507.

ALLEN & BELL, for appellee. Counsel insist that the bill of exceptions was not signed in time and should be stricken.—*Ledbetter L. & L. Assn. v. Vinton,* 108 Ala. 644. The demurrers to the 4th replication were general and did not undertake to point out the defect.—*Brown v. Watson,* 65 Ala. 88; *Payne v. Crawford,* 102 Ala. 387; *Little v. Marx,* 145 Ala. 62. At any rate, the allegation of mental incapacity was sufficient.—*Mut. L. I. Co. v. Terry,* 82 U. S. 580; *Eaton v. Eaton,* 18 Am. Rep. 716; 9 Cyc. 240; 164 Pa. St. 142; *Milligan v. Pollard,* 112 Ala. 465. The rule is well settled that where no evidence is offered in support of replication or other pleading any error in the rulings on demurrer thereto

is harmless.—*Payne v. Crawford, supra.* The facts set up in the 9th replication constitute fraud.—*Comion v. Gilmer,* 135 Ala. 302; *Lester v. Mohon,* 25 Ala. 445; *Clure v. Clure,* 82 Ala. 581.

SIMPSON, J.—A special term of the court was called to be held on the 28th day of October, 1907, "for the term of two weeks, unless the business of the court is sooner disposed of." The case was tried November 2, 1907, and the judgment entry states that "the defendant has 60 days from the adjournment of this term of this court, to wit, the 22d day of November, 1907, in which to prepare, and have signed by the presiding judge, its bill of exceptions." The term of the court could not hold until November 22d, under the order calling it, and this date must be a clerical error. The bill of exceptions was signed on the 2d day of January, 1908. The order calling the special term shows that it was to be for the trial of both civil and criminal business on the docket, and that the criminal business was to be disposed of during the second week, commencing on November 4th. The record does not show when the court adjourned; but as the criminal business was to to taken up on November 4th, and as the bill of exceptions recites that it was presented and signed within the time prescribed, this is a prima facie showing that it was signed within the time prescribed, and it will not be stricken.—*Tarver v. State,* 137 Ala. 29, 34 South. 627; *Carroll v. Warren,* 142 Ala. 397, 37 South. 687.

The first assignment of error insisted on is numbered 2, and is to the action of the court in overruling the demurrer to the third replication, which is "that at the time said settlement was made, relied on in said plea, plaintiff did not have the mental capacity to make said settlement." The ground of demurrer insisted on is

that "said replication does not show with sufficient certainty the incapacity, or want of capacity, on the part of the plaintiff to make said settlement." This is a sufficient statement of the fact that the plaintiff's mind was in such an unsound condition as to render him incapable of making a binding contract, and the demurrer was properly overruled.—*Milligan v. Pollard,* 112 Ala. 465, 468, 20 South. 620.

The demurrer to the fourth replication raising the same point, was properly overruled.

If there was error in the overruling of the demurrer to the fifth replication to plea 3 it was error without injury. The replication was that "the defendant, by its servants or agents, fraudulently represented to the plaintiff the extent of his injuries, with the extent of which plaintiff was ignorant, and thereby procured plaintiff to settle claim." The bill of exceptions shows that no testimony was offered to sustain said replication, and consequently no injury could accrue to the defendant by its lack of more perspicuous allegations.—*Scarbrough v. Borders & Co.,* 115 Ala. 436, 22 South. 180; *Payne v. Crawford,* 102 Ala. 387, 389, 14 South. 854.

The eighth replication, as amended, alleged that the settlement pleaded "was obtained by fraud, in this: That at the time of the execution thereof * * * plaintiff was in a weak mental and physical condition, resulting from the injuries; * * * that he was incapable of knowing or appreciating the extent of his said injuries; that he was alone, without counsel or advisers;" and that the agent of the company, knowing his condition, "induced and unduly influenced" him to make the settlement and accept a check for a sum "grossly less than would be a fair and just compensation," etc. No question is raised about the failure to allege an offer to re-

[Central Foundry Co. v. Bailey.]

turn the money received. On the points raised, said replication stated facts which were proper to go to the jury, and from which they would be authorized to find fraud, and the demurrer to said replication was properly overruled.—*Union Pac. Ry. Co. v. Harris,* 158 U. S. 326, 331, 15 Sup. Ct. 843, 39 L. Ed. 1003; *Stone v. Chicago, etc., Ry.,* 66 Mich. 76, 33 N. W. 24, 27; *Lusted v. Chicago, etc., Ry.,* 71 Wis. 391, 36 N. W. 857, 859; *Dixon v. Brooklyn City & N. R.,* 100 N. Y. 170, 3 N. E. 65, 68.

If there was error in overruling the demurrer to the ninth replication, as amended, it was without injury, as no testimony was introduced to sustain its allegations.

There was no error in the refusal to give the charge requested by the defendant. It was a matter for the jury to determine, from all the evidence, whether there was sufficient evidence to justify the disregarding of the settlement.

There being no error in the record, the judgment of the court is affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.