(98 South. 4)

**DABBS v. LETSON. (6 Div. 726.)**

(Supreme Court of Alabama. Nov. 8, 1923.)

**1. Contracts ⬅51—Mortgagor's promise to convey on redemption held supported by consideration.**

The payment by a purchaser of $500 to mortgagor, to be used in redeeming the land from foreclosure sale, and on redemption the land to be conveyed to purchaser, was sufficient consideration to support the contract, although resulting in no personal advantage to mortgagor.

**2. Specific performance ⬅51 — Not denied against mortgagor agreeing to convey equity of redemption.**

Where vendor accepted $500 from purchaser, to be used in redeeming land, and agreed to convey it to purchaser after redemption, specific performance will not be denied where there was nothing in the contract itself to condemn it nor in the evidence to show vendor had not received a fair price for his statutory right of redemption.

**3. Appeal and error ⬅1051(3) — Permitting parol proof of matters admitted by contract not error.**

In suit for specific performance of a land sale contract, there was no error in allowing parol proof as to a mortgage and its foreclosure, which were conclusively admitted by the contract itself.

**4. Evidence ⬅178(4), 185(1)—Parol proof of quitclaim deed directly involved in suit not admissible unless demand for production made, or it appears to have been lost or destroyed.**

In a suit for specific performance of a land sale contract, where the existence of a quitclaim deed procured by way of redemption was directly involved, parol evidence could not properly be received in proof thereof unless complainant made demand for its production, or unless it appeared that it had been lost or destroyed.

**5. Appeal and error ⬅743(2)—Assignment of numbered rulings not considered where no numbers in record.**

An assignment of error in rulings on evidence "Nos. 1 to 46" cannot be sustained where the record shows no numbering of the rulings.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Appeal and error ⊂⊃738—Joint assignment must be good in toto.**

A joint assignment of several rulings on evidence must be held bad unless good in toto.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bill by Arthur Letson against Willis Dabbs. From a decree for complainant, respondent appeals. Affirmed.

The bill of complaint is filed to compel specific performance of the following contract for the conveyance of land:

"Know all men by these presents: That this contract entered into by and between Willis Dabbs, party of the first part, and Arthur Letson, party of the second part, witnesseth: That the said Willis Dabbs was the owner of certain hereinafter described real estate, and that he executed a mortgage on said land to William A. Dabbs, and that said mortgage was never paid, and the land was sold at a mortgage foreclosure sale, and that said land was bought in at said sale by the heirs of the said William A. Dabbs, and that he is now desirous of redeeming said land, therefore, in consideration of the sum of five hundred dollars, in hand paid me by Arthur Letson, the receipt whereof is hereby acknowledged, I will execute to the said Arthur Letson a warranty deed conveying all my right, title, interest and ownership to said land to the said Arthur Letson, as soon as I have procured a quitclaim deed to same from the heirs of the said William A. Dabbs, now deceased. The said five hundred dollars received by me to be used in redeeming and paying said heirs for the land sold under the mortgage. The warranty deed to be executed to Arthur Letson by August 20, 1921, said land being described as follows, viz.: A fraction of land lying in the N. E. ¼ of the N. E. ¼ of section 25, township 18, range 5 west; this land to commence at the S. E. corner of said forty and run north 138 yards, thence west 108 yards, thence south 138 yards, thence east 108 yards to point of beginning, containing three acres. Mineral rights excepted.

"Witness my hand this 26th day of July, 1921.
"Willis Dabbs,
"Party of the First Part.
"Witness: Fred Ross."

The bill alleges that complainant has paid the $500 to respondent, and has complied with every term of the contract, that the quitclaim deed by the heirs of William A. Dabbs has been procured, and that respondent has been requested to execute the warranty deed mentioned and has failed or refused to do so.

Respondent demurred to the bill on the grounds that it is without equity, that it shows a complete remedy at law, and that the contract exhibited was without any valuable or legal consideration. The demurrer being overruled, respondent answered, setting up that the contract he made with complainant was that complainant should pay $500 for respondent's interest in the land,

and also $500 for obtaining quitclaim from said heirs. The answer denies that the money has been paid as agreed, but admits receiving $61 from complainant, which he offers to return.

The evidence supported the allegations of the bill, and a decree was rendered granting relief.

The assignments of error are discussed in the opinion.

Bumgardner & Wilson, of Bessemer, for appellant.

Only contracts which are just, fair, and reasonable will be specifically enforced. Andrews v. Andrews, 28 Ala. 432; Bogan v. Daughdrill, 51 Ala. 314; Daniel v. Collins, 57 Ala. 625; Johnston v. Jones, 85 Ala. 286, 4 South. 748. Parol evidence as to the mortgage in question was inadmissible. 22 C. J. 974; L. & N. v. Orr, 94 Ala. 602, 10 South. 167; Wilson v. State (Ala. Sup.) 39 South. 776.

Goodwyn & Ross, of Bessemer, for appellee.

The mere general statement that the court erred in overruling respondent's exceptions 1 to 46 to the testimony is not a sufficient insistence, as required by Supreme Court rule 1, Code 1907, p. 1506. Paterson-Edey Lbr. Co. v. Firm Lbr. Co., 17 Ala. App. 262, 84 South. 314; Cobb v. Hand, 12 Ala. App. 461, 68 South. 541; L. & N. v. Holland, 173 Ala. 675, 55 South. 1001; Kinnon v. L. & N., 187 Ala. 480, 65 South. 397; Carney v. M. C. Kiser & Co., 200 Ala. 527, 76 South. 853. The contract in this case is sufficient in every particular. Bogan v. Daughdrill, 51 Ala. 312; Tombigbee Valley R. Co. v. Fairford Lbr. Co., 155 Ala. 575, 47 South. 88; Gachet v. Morton, 181 Ala. 179, 61 South. 817; Homan v. Stewart, 103 Ala. 644, 16 South. 36.

SOMERVILLE, J. The bill of complaint alleges every element necessary to entitle complainant to the relief prayed for.

[1] Respondent's chief contentions are that the contract sought to be enforced does not show that any valuable consideration was paid by complainant for respondent's undertaking, and that the contract was unfair and inequitable in that it would amount merely to a gift by respondent to complainant of his statutory right of redemption from the foreclosure sale. Very clearly the contract in question shows a valuable consideration for respondent's undertaking, even though it resulted in no personal advantage to himself. The promisee paid $500 to the promisor, and was out of pocket that much, whatever was to be done with the money. This was sufficient to support the contract. Rutledge v. Townsend, 38 Ala. 706; Hixon v. Hetherington, 57 Ala. 165, 166; Henry v. Murphy, 54 Ala. 246, 252.

[2] As to the equity of its specific enforcement, there is nothing in the terms of the contract itself to condemn it, nor is there anything in the evidence to justify a denial of such relief. The obligation of respondent to use the $500 in redeeming the land from the purchasers at mortgage sale did not require, and evidently did not contemplate, that he should thus use that entire amount, but only so much as was necessary for the purpose stated. The evidence in fact shows that there was a residue of $61.04, which was retained by respondent, after payment of all that was due for redemption purposes. There is nothing in the evidence to show that this was not a fair price for respondent's statutory right of redemption, either absolutely or under the domination of circumstances preventing its utilization by himself. On the other hand, nothing could be more inequitable than to allow respondent the benefit of a redemption of his land at the expense of complainant.

[3] Respondent objected to a great many questions propounded by complainant to his witnesses, involving, among other things, proof by parol testimony of the mortgage referred to in the contract, and of its foreclosure, and also of the execution by the several heirs of the redemption deed to respondent, and the amount paid to each.

[4] As to the mortgage and its foreclosure, those were collateral matters, and they were conclusively admitted by the contract itself. Hence there was no error in allowing proof of them by parol. But the existence of the quitclaim deed procured by way of redemption from the heirs of the mortgagee was directly involved, and parol evidence could not properly be received in proof of it, unless complainant had made seasonable demand upon respondent for its production, or unless it were made to appear that it had been lost or destroyed. Such a predicate for parol evidence does not appear to have been laid, and the objections to it should have been sustained. Other parol evidence relating to the terms of the written contract should also have been excluded on objection.

[5] However, the only assignment of error for rulings on evidence is as follows:

"The court erred in overruling the exceptions Nos. 1 to 46, both inclusive, of the respondent to the testimony of complainant."

[6] This assignment cannot be sustained for the reason that the record shows no numbering of the rulings on the evidence, and the reference is therefore not intelligible to this court. Moreover, a general reference like this, covering numerous items merely by number, has been held to make the assignment bad. Southern Ry. Co. v. Nowlin, 156 Ala. 222, 47 South. 180, 130 Am. St. Rep. 91. And it is not sustainable for the further reason that many of the rulings on the evidence were proper, and a joint assignment of several rulings must be held as bad unless it is good in toto. S. A. L. Ry. Co. v. Hubbard, 142 Ala. 546, 38 South. 750; Const. Casualty Co. v. Ogburn, 175 Ala. 357, 57 South. 852, Ann. Cas. 1914D, 377.

The conclusions stated require the affirmance of the decree appealed from.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.