(103 So. 678)

## PROVIDENT LIFE & ACCIDENT INS. CO. OF CHATTANOOGA, TENN., v. PRIEST.
(6 Div. 376.)

(Supreme Court of Alabama. April 9, 1925.)

**1. Appeal and error �⃝⊐1078(1)—Errors assigned in civil cases, which counsel do not urge in brief by argument, will be treated as waived and abandoned.**

In view of Supreme Court rule 1 (Code 1923, p. 880), errors assigned in civil cases, which counsel do not urge in brief by argument, will be treated as waived and abandoned, hence Supreme Court will consider only those errors which are insisted on and argued in the brief.

**2. Appeal and error ⊂⊐724(2)—Assignment of error which is uncertain and indefinite as to particular error complained of will not be considered.**

Assignment of error which is uncertain and indefinite as to particular error complained of will not be considered, but, in view of Supreme Court rule 1 (Code 1923, p. 880), assignment should concisely state of what the error consists.

**3. Appeal and error ⊂⊐737—When joint assignment of error as to rulings overruling demurrers to replication to special pleas is unavailing stated.**

Assignment of error assigning jointly as one error rulings of the court overruling demurrers to the replication to several special pleas is unavailing, if the replication is sufficient as to any of the special pleas.

**4. Insurance ⊂⊐641(1)—Averments in replication held sufficient to show fraud of insurer in securing release from insured.**

Averments in replication *held* sufficient to show fraud of accident insurer in securing release from insured.

**5. Contracts ⊂⊐266(2)—Avoidance of contract for fraud requires placing of adversary in statu quo, unless offer of restoration is futile or waived.**

Avoidance of contract for fraud requires placing of adversary in statu quo, unless offer of restoration is futile or waived.

**6. Insurance ⊂⊐579, 612(1)—Insurer's disclaimer of liability held to dispense with refund or tender as condition to rescinding settlement and suing on policy.**

Accident insurer's refusal, under legal advice, to reopen case, and disclaimer of liability *held* to obviate the necessity of refund or tender of amount paid as a condition of rescinding a settlement for fraud and suing on policy for amount payable under it, less amount paid under settlement.

**7. Appeal and error ⊂⊐1050(1)—Reception of evidence, if erroneous, held not prejudicial in view of prior reception of same evidence without objection.**

Reception of evidence, if erroneous, *held* not prejudicial within Supreme Court rule 45, in view of prior reception of similar evidence without objection.

**8. Insurance ⊂⊐668(14)—Conflicting evidence on issue held to require its submission to jury.**

Conflicting evidence on issue of fraud in obtaining settlement and release under accident policy *held* to require its submission to jury.

**9. Trial ⊂⊐260(1)—Refusal to give requested charge covered by charges given not error.**

Refusal to give requested charge substantially and fairly given in the court's general oral charge, and in written charges requested by and given for defendant, *held* not error in view of Code 1907, § 5364, as amended Acts 1915, p. 815, being Code 1923, § 9509.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action on policy of accident insurance by Edward L. Priest against the Provident Life & Accident Insurance Company of Chattanooga, Tenn. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 7326, Code of 1923. Affirmed.

Replication 3 is as follows:

"(3) That the compromise, release, discharge, and settlement therein referred to was obtained by fraud in this: Plaintiff was in weak mental and physical condition and permanently disabled, and was then ignorant of the extent and consequences of his injuries, protected against by said policy; he was incapable of knowing or appreciating the extent thereof and the extent of his rights under said policy, and was then and there without legal advice, and was without the aid or counsel of any person who knew the extent of his injuries, or the extent of defendant's liability to him for said injuries and that defendant's agents, acting in behalf of the defendant, and knowing or having notice of the aforesaid facts and conditions, came to plaintiff's bedside in Norwood hospital in Birmingham, Ala., where he was then confined, unable to attend to his physical wants or to transact any business, and when it was not reasonably certain that he would survive his injuries, and gained or had plaintiff's confidence and fraudulently caused plaintiff involuntarily and unwittingly to enter into said alleged compromise settlement or told plaintiff, in and about procuring said compromise, release, discharge, and settlement, substantially that it was to the best interest of the plaintiff to accept the said compromise and settlement and to give the said release and discharge, which was in fact false and was made for the fraudulent purpose of procuring said compromise, settlement, release, and discharge

⊂⊐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for a grossly inadequate sum, and said agents thereby induced and unduly influenced plaintiff to sign said paper writings for the payment of the amount of said compromise and settlement, a sum grossly less than would be the fair and just amount due and to become due under said policy for said injuries. That but for said fraud practiced on plaintiff the said compromise, settlement, release, and discharge would not have been made. That plaintiff is permanently disabled as result of said injuries from engaging in business or work, and, such being the case, he became entitled under said policy to $80 each month for 60 consecutive months, should he live so long, part of which only was due as alleged in the complaint at the time of the institution of this suit. That defendant paid plaintiff the first monthly installment under said policy after it was due and after the receipt of the said injuries and before the time of the alleged compromise, settlement, release, and discharge. That other than the said first monthly installment of $80 and the said sum of $500 paid as the alleged compromise settlement and satisfaction, which was void because of the foregoing facts; defendant has paid the plaintiff under said policy nothing, leaving the balance due under said policy at the institution of this suit as alleged in the complaint as amended. That after the alleged compromise settlement, plaintiff for a long time, to wit, five months, was seriously ill, and confined to his bed either at said hospital or at his home, unable to transact business intelligently, and was during said time a nervous wreck, and plaintiff is now and has been continuously from the receipt of his alleged injuries permanently disabled to engage in business or work due to internal and constitutional injuries resulting from the alleged accident.

"That within a reasonable and seasonable time under the foregoing facts after realizing the effects of said alleged compromise settlement with respect to his rights under said policy on, to wit, October 31, 1923, plaintiff was notified by defendant through plaintiff's attorney, W. M. Woodall, in response to demand made by plaintiff through his said attorney that the defendant should consider said payments made by it to him as partial payments merely on the amount then due on the policy, treating it as still fully binding and subsisting, because of the alleged fraud above set forth, that it was ridiculous for plaintiff to claim that he was not mentally responsible for his actions in said compromise settlement, which was made in good faith and was fair, and defendant would not reopen the case. That thereafter on, to wit, November 9, 1923, plaintiff through his said attorney notified the defendant of the foregoing facts, contending that same showed that the alleged compromise settlement was fraudulent and should not remain, and that because of said fraud plaintiff rescinded said alleged compromise, settlement, release, and discharge, and demanded that defendant pay plaintiff all amounts due on said policy, after allowing credit for the amounts so paid, and to consider said policy as still fully binding and subsisting as if the alleged compromise settlement had not been had. That thereafter on, to wit, November 26, 1923, defendant finally replied to plaintiff's said demand and notice through plaintiff's said attorney that 'our legal department has gone over this case carefully and advise us that according to the law and the facts in the case that they do not feel that we have liability, therefore we cannot see our way clear to reopen the claim for further consideration.' That before bringing this suit defendant failed to deny liability on said policy except as above set forth, and which general denial of liability the defendant waived any other grounds for nonliability under said policy. That under the foregoing facts plaintiff was in law not obligated to make an express offer of tender or restoral of the said $500 to the defendant, since such offer would have been futile, and defendant waived the same, and the plaintiff is entitled to said sum of $500 as a pro tanto payment under said policy."

T. A. Murphree and M. C. Stewart, both of Birmingham, for appellant.

The person who would disaffirm a contract for fraud must do so as soon after discovery as practicable and return what he has received under it. Stephenson v. Allison, 123 Ala. 447, 26 So. 290; Harrison v. Midland L. Co., 144 Ala. 257, 40 So. 394, 6 Ann. Cas. 804; Kelly v. L. & N., 154 Ala. 578, 45 So. 906; Beatty v. Palmer, 196 Ala. 73, 71 So. 422; B. R., L. & P. Co. v. Jordan, 170 Ala. 530, 54 So. 280; B. R., L. & P. Co. v. Hinton, 158 Ala. 470, 48 So. 546; McCoy v. Prince, 11 Ala. App. 395, 66 So. 950; Payne v. Coleman, 18 Ala. App. 525, 93 So. 222; U. S. C. I. P. Co. v. Marler, 17 Ala. App. 358, 86 So. 103; Cooley's Briefs, § 850; Joyce on Ins. § 3450. Plaintiff should not have been permitted to testify he suffered mental anguish and that he was nervous. O'Connell v. Beecher, 21 App. Div. 298, 47 N. Y. S. 334; Barnewell v. Stephens, 142 Ala. 616, 38 So. 662; Standard Oil Co. v. Humphries, 209 Ala. 493, 96 So. 631; Birmingham Bat. Co. v. Morris, 193 Ala. 627, 69 So. 88; Walling v. Fields, 209 Ala. 389, 96 So. 471; Wheless v. Rhodes, 70 Ala. 419; Lay v. Postal, 171 Ala. 176, 54 So. 529; L. & N. v. Sharpe, 171 Ala. 216, 55 So. 139; Western Union v. Hughston, 191 Ala. 427, 67 So. 670; Alabama Fertilizer Co. v. Reynolds, 79 Ala. 499; Jones v. Journey, 2 Ala. App. 488, 56 So. 850.

W. M. Woodall, of Birmingham, for appellee.

The settlement procured by defendant was invalid for fraud. L. & N. v. Huffstutler, 162 Ala. 619, 50 So. 146; West. Ry. v. Foshee, 183 Ala. 182, 62 So. 500; Cleere v. Cleere, 82 Ala. 581, 3 So. 107, 60 Am. Rep. 750. When an offer of restoral would be futile, it need not be made. Rabitte v. A. G. S., 158 Ala. 431, 47 So. 573. When an insurer denies liability under one ground it waives all others.

MILLER, J. This is a suit by Edward L. Priest against the Provident Life & Accident Insurance Company of Chattanooga, Tenn., a

corporation, based upon a policy of life and accident insurance. The suit was filed on December 3, 1923, and claimed $460 for the five and three-fourths months previous to November 14, 1923, at the rate of $80 per month. The jury returned a verdict on the issues in favor of the plaintiff for $460, and from a judgment rendered thereon by the court this appeal is prosecuted by the defendant.

[1] There are eight errors assigned growing out of rulings of the court on demurrers to the complaint, demurrers to pleas, demurrers to replications, demurrers to rejoinders, and motions to strike pleas; but only one of these is argued in brief of appellant. Errors assigned in civil cases which counsel do not urge in brief by argument will be treated as waived and abandoned; so we will consider the errors only which are insisted on and argued in the brief of appellant. Supreme Court rule 1, Code 1923, p. 880; Henry v. Hall, 106 Ala. 84, 17 So. 187, 54 Am. St. Rep. 22; L. & N. R. R. Co. v. Morgan, 114 Ala. 449, headnote 1, 22 So. 20.

The assignment of error numbered 6 on the pleadings, insisted on and argued by appellant, reads as follows:

"The trial court erred in overruling appellant's demurrers separately and severally to appellee's replication three."

[2, 3] The record page 27 shows plaintiff filed "replication 3 to pleas D, F, H, and J separately and severally"; defendant filed demurrers to replication 3. "The demurrer to replication 3 as answer to all special pleas is by the court heard and considered, whereupon it is ordered and adjudged by the court that said demurrer be and same is hereby overruled." So it is obvious that in this one assignment of error numbered 6 there are four alleged errors—four rulings of the court—assigned as one error, or it is uncertain and indefinite which one of the four rulings he intended to assign as error. This replication 3 was filed to pleas D, F, H, and J separately and severally; they are each special pleas, and the court overruled the demurrers to this replication, answering each of these pleas, thereby holding replication 3 sufficient as to each of the four pleas. This made four rulings of the court on the demurrers to replication 3, which was filed to four special pleas, and it appears to us that appellant intended to assign as one alleged error No. 6, the four rulings of the court, holding replication 3 sufficient to special pleas D, F, H, and J, as the court overruled demurrers to replication 3 to all the special pleas. If the assignment of error is uncertain and indefinite as to the particular error complained of, this court will decline to consider it. The assignment should state concisely in what the error consists. Supreme Court rule 1, Code 1923, p. 880; Cobb v. Malone, 92 Ala. 630, 9 So. 738; National Fer-

tilizer Co. v. Holland, 107 Ala. 412, headnote 3, 18 So. 170, 54 Am. St. Rep. 101; Hall v. Pearce, 209 Ala. 397, headnote 3, 96 So. 608. These four rulings of the court, overruling demurrers to replication 3 to the four special pleas, assigned jointly as one error, will be held bad, if the assignment is not good in toto. If this replication 3 is sufficient—not subject to the demurrers—as to any one of the four special pleas, then the assignment, being joint, is bad and unavailing. Seaboard Air Line Ry. Co. v. Hubbard, 142 Ala. 546, 38 So. 750; Dabbs v. Letson, 210 Ala. 306, headnote 6, 98 So. 4; Hall v. Pearce, 209 Ala. 397, headnote 6, 96 So. 608; Ashford v. Ashford, 136 Ala. 631, headnote 9, 34 So. 10, 96 Am. St. Rep. 82.

This cause of action is based, as hereinbefore stated, on an accident insurance policy, by the terms of which defendant insured the plaintiff; the amount of indemnity being $80 per month for a period not to exceed sixty months for total disability by the accident, rendering the insured wholly and continuously unable to perform any and every duty pertaining to his business or occupation. The two counts claimed $460 for the five and three-fourths months immediately prior to November 14, 1923. The suit was commenced on December 3, 1923. The second count of the complaint averred the policy was issued on August 28, 1922; that he received the injury, protected by the policy, on October 14, 1922, and he was and has been continuously from that time totally disabled and prevented by it from performing any and all duties pertaining to his business or occupation. The cause was tried on general issue to the complaint, and special pleas D, F, H, and J, and replication 3 to the special pleas and general denial of the replication.

Pleas D, F, and H set up payment of the claim or demand for which the suit was brought before the action was commenced. Pleas D and H aver on January 10, 1923, the defendant paid plaintiff $500 in compromise, satisfaction, release, and discharge, in advance settlement, of the claim of the plaintiff under the policy, and plaintiff in consideration thereof executed a written release and discharge in full satisfaction of his claim under the policy; a copy of said release and satisfaction executed by the plaintiff being attached as an exhibit to these pleas.

[4] This replication 3 to pleas D, F, and H avers defendant paid plaintiff $80 under the policy for the first month after his injury, and that the written release was obtained by fraud, and is therefore void. This replication appears in full in the report of the case. Replication 3 is not subject to the demurrers on the ground the facts averred are insufficient to show fraud in securing the release. The averments therein, if true, are sufficient to render the settlement invalid for fraud. Western Ry. Co. v. Foshee, 183 Ala.

182, headnote 9, 62 So. 500; L. & N. R. R. Co. v. Huffstutler, 162 Ala. 619, headnotes 2, 3, 50 So. 146; Cleere v. Cleere, 82 Ala. 581, 3 So. 107, 60 Am. Rep. 750.

[5, 6] The appellant insists the replication is demurrable—insufficient to answer these pleas—because it fails to allege the $500 received by plaintiff was returned, offered, or tendered to the defendant before the suit was commenced; that he seeks to avoid for fraud the release contract, and fails to return the $500 received under it. To avoid a contract on the ground of fraud, the consideration received under it should be returned or tendered to the adversary; he should be placed in status quo, unless an offer of restoration would have been futile, or unless it had been waived by him. Rabitte v. A. G. S. R. R. Co., 158 Ala. 431, 47 So. 573.

It appears from the pleading that defendant paid plaintiff $80 for his total disability for one month. The complaint alleges total disability for thirteen months from October 14, 1922, the time of injury, to November 14, 1923, and that it was continuing at the time the suit was commenced. It is apparent that he did not include in the suit a claim for $500 for the remaining six and one-fourth months of the thirteen months of total disability on account of having received this $500 from the defendant. This replication avers in substance that plaintiff's attorney before this suit was filed notified defendant this settlement was void for fraud, and plaintiff, after realizing the effects of the settlement and the facts constituting the fraud in its procurement, rescinded it, and desired the payments made by it to be considered as partial payments merely on the amount then due on the policy, treating the policy as still binding and subsisting because of the fraud in the procurement of the settlement. The defendant notified plaintiff's attorney, as shown by the replication, "that it was ridiculous for plaintiff to claim that he was not mentally responsible for his actions in said compromise settlement, which was made in good faith and was fair, and defendant would not reopen the case"; and the replication alleges also that defendant wrote his attorney on November 26, 1923, that "our legal department has gone over the case carefully and advise us that according to the law and the facts in this case that they do not feel that we have liability, therefore we cannot see our way clear to reopen the claim for further consideration"; and the replication, after alleging the foregoing and other facts, states an offer would have been futile, and defendant waived the same.

If it was necessary for the plaintiff in this suit to have returned or offered to return the $500 received in the compromise as advance settlement before seeking to disaffirm it for fraud, which we do not decide, still, under the averments in this replication, a refund or tender of the same to the defendant would have been futile. It is evident that it would have been refused, if tendered, as the defendant writes under advice from their legal department it is not liable and it will not reopen the claim for further consideration. The defendant thereby shows it intended to stand by as valid the advance settlement made by it with the plaintiff. So it was not necessary, under these averments, if true, for the plaintiff to have refunded or tendered the $500 to the defendant. Rabitte v. A. G. S. R. R. Co., 158 Ala. 431, 47 So. 573. Replication 3 to special pleas D, F, and H is not subject to the grounds of demurrer assigned to it, and the court did not err in overruling demurrers to this replication to these three pleas.

Plea J sets up that the policy provides, if insured is disabled by such injury for more than 30 days, he or his representative shall, as a condition precedent to any liability of the company hereunder, furnish the company, every 30 days thereafter, with a report in writing from his attending physician, fully stating the condition of the insured and the probable duration of the disability; and that plaintiff was disabled from the injury for, to wit, five months—more than 30 days—was regularly attended by a physician, and he and his representative failed to furnish the defendant every 30 days a report in writing as the policy required. The plaintiff filed replication 3 as an answer to this special plea J, and the demurrers of the defendant to the replication were overruled by the court. Whether the court erred in this ruling we need not discuss or decide, because it is assigned as error jointly with the rulings of the court on the demurrers of the defendant to replication 3 to special pleas D, F, and H; and these rulings are held free from error. This assignment is not good in toto, so we need not discuss this ruling on demurrer to this replication to this special plea. Dabbs v. Letson, 210 Ala. 306, headnote 6, 98 So. 4, and other authorities cited supra on this subject.

[7] The plaintiff at the time of the injury was working for the United States Cast Iron Pipe Company as a moulder, making pipe fittings. He made the moulds with an iron flask, weighing from 3,000 to 5,000 pounds, and about six feet square. It turned over and hit him, fell on him, broke his leg, in three or four places, which leg is now two and one-half inches shorter than the other. The hip bone was also injured: the hips were bruised; the pelvic bone was broken; his urethra was cut in two, and his bladder was punctured, and he was otherwise internally injured. After the injury he was unconscious, and first regained consciousness in the doctor's office. There was evidence that he was totally disabled physically from performing his usual labor, and would be in that

physical condition during the remainder of his life.

The defendant objected and reserved exceptions to questions calling for and obtaining answers from the plaintiff that, when confined to his bed at the hospital and at his home from this injury, at times he remembered things and at other times he did not, that he was nervous, in a nervous condition, and that he did not know all the time what was going on around him. If in these rulings of the court there was error, which we do not decide, it was without injury, because the plaintiff had prior to this, without objection, testified:

That he "was unconscious right at the start after it hit me, and when I came to my consciousness I was in the doctor's office. * * * Since my injury my nerves have all been torn up and I am all the time nervous and jerky, and I can hardly feed myself at times. * * * During the time I was in Norwood Hospital my condition was pretty bad, but I do not have much recollection about it. * * * I was under the influence of opiates while I was in the hospital, and I suffered pain while I was in the hospital, and the pain was so great that it seemed like it was about all I could stand, and that kept up all the time I was at the hospital."

This evidence was before the jury without objection when defendant presented objections to the questions calling for the additional evidence mentioned. These rulings, if error, were without injury to the substantial rights of the defendant. Rule 45, Supreme Court, Code 1923, p. 895.

[8] The defendant insists that written charge No. 12, which was the general affirmative charge, "If you believe the evidence, you cannot find for the plaintiff," should have been given by the court. There was evidence tending to prove each count of the complaint; there was evidence tending to prove each of the four special pleas D, F, H, and J, hereinbefore mentioned. The real litigated issue was on replication 3 to the four special pleas. The evidence on this replication was in clear and striking conflict, the evidence of the plaintiff tending to prove each material averment contained in it, and the evidence of the defendant was in striking contrast. This rendered the issue presented by this replication on the conflicting evidence, and its reasonable tendencies on the material facts therein, a question for the jury to decide, and the court did not err in refusing this written charge numbered 12. McMillan v. Aiken, 205 Ala. 35, headnote 9–11, 88 So. 135.

The defendant separately requested the court to give written charges numbered 17, 21, 8, 11, 19, and 9. These charges were each refused by the court, and the court thereby committed no error. Each of these charges ignores the evidence tending to show it would have been futile for the plaintiff to have attempted to return or to have offered to return the $500 to the defendant, as it tends to show he would have refused it, and they each ignore the evidence tending to show defendant waived the return or the offer to return by its letters to plaintiff's attorney and by the acts of its agents. Rabitte v. A. G. S. R. R. Co., 158 Ala. 431, 47 So. 573.

[9] Written charge numbered 6, requested by the defendant, was refused by the court. In this there was no error. The same rule of law stated, or attempted to be stated, by this charge was substantially and fairly given to the jury in the court's general oral charge, and in written charges numbered 1 and 7, requested by the defendant, which were given to the jury by the court. Section 5364, Code of 1907, as amended, Acts 1915, p. 815; section 9509, Code 1923.

Finding no reversible error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.