(106 So. 172)

## GLOBE & RUTGERS FIRE INS. CO. v. JONES. (8 Div. 782.)

(Supreme Court of Alabama. Nov. 5, 1925.)

**1. Appeal and error ⊂⊃1075, 1078(1)—Errors assigned treated as abandoned by Supreme Court, when not argued in appellant's brief or expressly waived by words therein.**

Under Supreme Court rule No. 1, errors assigned in civil cases will be treated as abandoned, when not argued in appellant's brief, or when expressly waived by words therein.

**2. Appeal and error ⊂⊃724(2)—Uncertain and indefinite assignments will not be considered.**

Under Supreme Court rule No. 1, assignment of error should state concisely in writing in what the error consists, particularizing ruling claimed to be erroneous, and when assignment is so indefinite and uncertain that error complained of cannot be ascertained definitely from the record, Supreme Court will decline to consider it.

**3. Appeal and error ⊂⊃725(2)—Assignment that court erred in overruling defendant's demurrers to plaintiff's replications too indefinite and uncertain to be considered, where overruling of demurrer involved five separate rulings.**

Where defendant filed five separate pleas to plaintiff's complaint, to each of which pleas plaintiff filed two replications, an assignment of error that court erred in overruling defendant's demurrers to such replications was too indefinite and uncertain to be considered on appeal, for the overruling of such demurrers involved five separate rulings of court, and Supreme Court could not tell with certainty from such assignment which ruling was claimed error.

**4. Appeal and error ⊂⊃736—Rulings assigned jointly as one error must be good in toto, or assignment held bad.**

All rulings of court assigned jointly as one error must be good in toto, or the assignment must be held bad.

**5. Appeal and error ⊂⊃737—Joint assignments to overruling of demurrers to replications to special pleas unavailing when replications sufficient as to any of special pleas.**

Where defendant filed five special pleas, to each of which plaintiff separately filed two replications, joint assignments of error to the overruling of demurrers to such replications were unavailing, if such replications were sufficient as to any special plea, for all rulings assigned jointly as one error must be good in toto or the assignment thereof is bad.

**6. Insurance ⊂⊃641(2)—Replication that before loss occurred notice of additional insurance was given to defendant company, who made no objection, good in avoidance of defense that additional insurance obtained without insurer's knowledge and consent.**

In an action on an insurance policy, where defendant's special pleas averred that a prior insurance policy was obtained by plaintiff in another company without notice to defendant, a replication that plaintiff, before loss, gave notice of additional insurance to defendant, who made no objection or dissent thereto, was good in avoidance of defense pleaded, and demurrers to such replication were properly overruled.

**7. Insurance ⊂⊃669(9)—Trial ⊂⊃253(10)—Requested charge as to forfeiture of rights under policy, because of other insurance, erroneous as misleading jury and ignoring plaintiff's evidence.**

In an action on an insurance policy, where insurance company defended on ground that plaintiff obtained insurance from another company on property without its consent or knowledge, a requested charge that, if assured had such other insurance on property covered by policy, this operates as a forfeiture of plaintiff's right, unless defendant did some act inconsistent with an intention to rely on its right to claim a forfeiture, *held* to be misleading to jury, inasmuch as forfeiture could be waived by insurer's silence and instruction also ignored plaintiff's evidence tending to show defendant's knowledge and consent to such additional insurance.

**8. Insurance ⊂⊃390—Insurance company could waive right to claim forfeiture of policy by silence without action, after notice of additional insurance.**

Insurance company could waive right to forfeit policy by remaining silent without action for a reasonable time before loss occurred, after notice was given that insured had additional insurance on property covered.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action on a fire insurance policy by Ezra Jones against the Globe & Rutgers Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code, § 7326. Affirmed.

Coleman, Coleman, Spain & Stewart, of Birmingham, and Eyster & Eyster, of Albany, for appellant.

There can be no waiver by an insurer of a ground of forfeiture until he knows such ground exists. 26 C. J. 293; Queen Ins. Co. v. Young, 86 Ala. 424, 5 So. 116, 11 Am. St. Rep. 51; Traders' Ins. Co. v. Letcher, 143 Ala. 400, 39 So. 271; Security Ins. Co. v. Laird, 182 Ala. 121, 62 So. 182; Sou. St. F. Ins. Co. v. Kronenberg, 199 Ala. 171, 74 So. 63. The question of waiver is one of intention, and the acts constituting a waiver must be acts plainly inconsistent with an intention to rely on an existing ground of forfeiture. W. O. W. v. Jones, 11 Ala. App. 441, 66 So. 834; Cesar v. Virgin, 207 Ala. 148, 92 So. 407, 24 A. L. R. 715; Provident L. & A. Ins. Co. v. Hollums (Ala. Sup.) 104 So. 522;[1] Tedder v. Home Ins. Co., 212 Ala. 624, 103 So. 674; Watts v. Metropolitan L. I. Co., 211 Ala. 404, 100 So. 815. Notice to an agent is notice to the principal only when acquired while engaged in the business of the principal. Queen Ins. Co. v. Young, supra; Traders' Ins. Co. v. Letcher, supra; Knights, etc., v. Gillespie, 14 Ala. App. 498, 71 So. 67.

S. A. Lynne, of Decatur, for appellee.

Assignments 3 and 4 are too general. Supreme Court rule 1; Williams v. Coosa Mfg. Co., 138 Ala. 673, 33 So. 1015. Replications 4 and 5 were good answers to defendant's pleas. Ala., etc., Assur. Co. v. Long Clo. & Shoe Co., 123 Ala. 669, 26 So. 655. The charge, made the basis of the forty-third assignment, was properly refused. Ala., etc., Co. v. Long, etc., Co., supra; Sou. St. Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63. In the issuance of the policy sued on with knowledge of the additional insurance, the agent was clothed with all the authority of the company itself. Syndicate Ins. Co. v. Catchings, 104 Ala. 189, 16 So. 46.

MILLER, J. This cause of action by Ezra Jones against Globe & Rutgers Fire Insurance Company, a corporation, is based on a fire insurance policy on a house, which was destroyed by fire. The complaint contains one count, which is practically in Code form. The cause was tried by a jury. They returned a verdict in favor of plaintiff and this appeal is by the defendant from a judgment of the court on the verdict.

[1] There are sixty-two errors assigned. The appellant in brief insists on and argues only three of them, and expressly, in words therein, waives the others. In civil cases errors assigned will be treated as abandoned by this court, when they are not argued in brief of appellant, or when they are by words therein expressly waived. Supreme Court rule 1, Code 1923, p. 880; Henry v. Hall, 106 Ala. 84, headnote 10, 17 So. 187, 54 Am. St. Rep. 22; L. & N. R. Co. v. Morgan, 114 Ala. 449, headnote 1, 22 So. 20.

[2] We will consider and discuss the three errors (numbered 3, 4, and 43) assigned and argued by appellant. Assignment of error No. 3 reads as follows:

"(3) The court erred in overruling each of the demurrers of the defendant to replication 4 of the plaintiff."

Assignment of error No. 4 reads as follows:

"(4) The court erred in overruling the demurrer of the defendant to replication 5 of the plaintiff."

An assignment should state concisely in writing in what the error consists. It should particularize the ruling claimed to be erroneous. Supreme Court rule 1, supra. When the assignment is so uncertain and indefinite that the particular error complained of cannot be definitely ascertained from the record, this court will decline to consider it. Nat. Fert. Co. v. Holland, 107 Ala. 412, headnote 3, 18 So. 170, 54 Am. St. Rep. 101; Provident Life & Acct. Ins. Co. v. Priest, 212 Ala. 576, headnote 2, 103 So. 678; Williams v. Coosa Mfg. Co., 138 Ala. 673, 33 So. 1015.

[3] The defendant filed five special pleas, numbered 2, 3, 4, 6, and 7, to the complaint, which were held good by the court under demurrer of plaintiff. These replications, numbered 4 and 5, were filed by plaintiff separately and severally to each of the five special pleas; and the defendant demurred to each of them as to each plea. The judgment of the court overruled the demurrers of defendant to replications 4 and 5, thereby making five separate rulings of the court as to each replication. It thus appears uncertain from each of these assignments of error, numbered 3 and 4, as to which one of the five separate rulings of the court they refer. Each replication by each ruling of the court was held good and sufficient as to each of the five pleas. This court cannot tell with certainty and definiteness from these respective assignments of error and the record, which of the five rulings of the court was intended and claimed by appellant to be error.

[4, 5] If appellant intended by each assignment to claim each of the five rulings of the court overruling the demurrers to replications 4 and 5 was an error, then each assignment would claim five rulings as one error; and, if replication 4 is sufficient to either of the five pleas, then assignment of error numbered 3 would be unavailing; and, if replication 5 is sufficient to either of the five pleas,

then assignment of error numbered 4 would secure no favorable result to appellant. All rulings of the court assigned jointly as one error must be good in toto or the assignment must be held bad. Dabbs v. Letson, 210 Ala. 306, headnotes 5, 6, 98 So. 4; Hall v. Pearce, 209 Ala. 397, headnote 6, 96 So. 608; Provident Life & Accident Ins. Co. v. Priest, 212 Ala. 576, headnotes 2, 3, 103 So. 678.

[6] Special plea numbered 4 averred a prior insurance policy for $600 was on the house obtained by plaintiff in another company, without notice to this defendant, and in violation of the terms and conditions of the policy sued on. Replications 4 and 5 were filed to this plea numbered 4, and the other special pleas mentioned. The replications read as follows:

"(4) Before the loss in question occurred, notice of such additional insurance was given to the defendant, and defendant made no objections thereto prior to such loss; and defendant had a reasonable time after such notice and before such loss within which to make such objection.

"(5) Before such loss notice of such additional insurance was given the defendant's duly authorized agent, acting within the scope of his employment, and defendant made no objection or dissent thereto, and did not cancel the said policy, and did not return the unearned premium thereof; and the defendant had a reasonable time after such notice and before such loss in which to make such objections and dissent, to cancel the policy and return the unearned premium."

Replication 4 is an exact duplicate of replication 2, and this replication numbered 5 is a substantial duplicate of replication 5 in Ala. St. Mut., etc., Co. v. Long Clothing & Shoe Co., 123 Ala. 669, 26 So. 655. In that case they were filed to an alleged violation of the insurance contract against additional insurance as was done in the instant case. The court there held the replications were each good in avoidance of the plea. So, under that authority, we must hold the court did not err in overruling demurrers of defendant to replications 4 and 5 to plea 4. Ala. St. Mut., etc., Co. v. Long, etc., 123 Ala. 669, 26 So. 655.

Appellant insists in brief the court erred in overruling its demurrers to replications 4 and 5 to plea numbered 7. It results that under assignments of error numbered 3 and 4, as assigned, whether the trial court erred in overruling demurrers of defendant to replication 4 to plea 7, and whether the court erred in overruling demurrers of defendant to replication 5 to plea 7, are not presented for review in a manner that would be available to appellant, if these rulings were erroneous, which we do not decide. Provident Life & Acct. Ins. Co. v. Priest, 212 Ala. 576, headnotes 2, 3, 103 So. 678, and authorities supra.

[7, 8] The trial court refused to give to the jury the following written charge, requested by the defendant, which is assigned as error numbered 43:

"I charge you, gentlemen, that if the assured, the plaintiff, had other insurance on the property covered by the policy, this operates as a forfeiture of plaintiff's right, and, unless you are reasonably satisfied from the evidence that defendant did some act inconsistent with an intention to rely on its right to claim a forfeiture, then you cannot find for plaintiff."

The court did not err in refusing to give this charge. It was calculated to mislead the jury. It was not necessary for defendant to do some act inconsistent with the intention to rely on its right to claim this forfeiture, in order to waive the right. The forfeiture of the right could be waived by the silence, nonaction, of defendant after notice of the additional insurance, for a reasonable time before the loss occurred. Silence by the defendant under such circumstances could be treated with reason by the jury as its assent to the additional insurance. This charge ignored the evidence of the plaintiff tending to show that the agent of defendant when he solicited this insurance and at the time he issued this policy was informed there was another policy then on this house. He saw that policy at that time. No objection was raised to it, and this was on June 26, 1923, and the fire occurred on January 23, 1924, and there was no objection by defendant at any time to this prior additional insurance on the house. The evidence of the defendant was to the contrary, that it had no notice of this additional insurance at any time prior to the loss. Ala. St. Mut. Assur. Co. v. Long, 123 Ala. 667, 26 So. 655; Southern States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Syndicate Ins. Co. v. Catchings, 104 Ala. 189, 16 So. 46.

The principle of law attempted to be stated by this written charge was fairly and substantially given to the jury in the court's general oral charge. Section 5364, Code 1907, as amended Acts 1915, p. 815, now section 9509, Code 1923.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.