(107 So. 857)

**GIARDINA et al. v. STAGG.  (6 Div. 392.)**

(Supreme Court of Alabama.  March 18, 1926.)

**I. Appeal and error ⬚737 — Where error was assigned to ruling sustaining demurrer to plea interposed to three counts, unless ruling was erroneous as to each count, assignment is bad (Supreme Court rule I).**

Where error was assigned to ruling which sustained demurrer to plea interposed to three counts, unless the ruling was erroneous as to each count, the assignment is bad, as, when assignment of error is uncertain and indefinite as to particular error complained of, Supreme Court will not consider it, under Supreme Court rule 1.

**2. Negligence ⬚100.**

Contributory negligence is not defense against willful or wanton negligence.

**3. Trial ⬚260(8)—Refusal to charge on theory that defendant acted as reasonably cautious and prudent man would act was not reversible error, where this charge was fairly and substantially covered by general oral charge (Code 1923, § 9509).**

Refusal to charge, if defendant acted as a reasonably cautious and prudent man would have done under like circumstances, not to find for plaintiff, was not reversible error, where this charge was fairly and substantially covered by general oral charge, under Code 1923, § 9509.

**4. Negligence ⬚136(10) — Where evidence tended to show simple and subsequent negligence, and testimony as to contributory negligence was conflicting, general affirmative charges were properly refused.**

Where evidence tended to show right of recovery under simple and subsequent negligence counts, and testimony as to contributory negligence proximately contributing to the injuries complained of was conflicting, general affirmative charges for defendant were properly refused.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action for damages by Hewitt Stagg against Paul Giardina and others.  From a judgment for plaintiff, defendants appeal.  Affirmed.

Black & Harris, W. C. Woodall, and J. P. Barnes, all of Birmingham, for appellants.

Defendants should have had the affirmative charge.  Pantaze v. West, 61 So. 42, 7 Ala. App. 599;  White Swan Laundry Co. v. Wehrhan, 79 So. 479, 202 Ala. 87;  Bromley v. Birmingham M. R. Co., 11 So. 341, 95 Ala. 397;  Stowers v. Dwight Mfg. Co., 80 So. 90, 202 Ala. 252;  Koger v. Roden Coal Co., 73 So. 33, 197 Ala. 473;  Stone v. Pratt Con. C. Co., 80 So. 882, 202 Ala. 498;  Brawley v. B. R., L. & P. Co. (Ala. Sup.) 39 So. 919;  Birmingham E. Co. v. Baker, 28 So. 87, 126 Ala. 135.  It was error to sustain demurrer to plea 4.  Watts v. Montgomery T. Co., 57 So. 471, 175 Ala. 102;  City Ice Del. Co. v. Lecari, 98 So. 901, 210 Ala. 629;  Mobile L. & R. Co. v. McDonnell, 92 So. 185, 207 Ala. 161;  Armstrong v. Sellers, 62 So. 28, 182 Ala. 582.

W. A. Denson, of Birmingham, for appellee.

Counsel discusses the questions raised and treated, but without citing authorities.

MILLER, J.  This is a suit by Hewitt Stagg against Paul Giardina, Michael Giardina, and "P. & M. Giardina," a partnership composed of Paul Giardina and Michael Giardina, doing business under the firm name and style of "P. & M. Giardina," and "P. & M. Giardina," a body corporate, to recover damages for injuries to his automobile and himself personally from a collision between his automobile and a truck of the defendants in a public highway in Jefferson county.  The jury returned a verdict in favor of the plaintiff, and from a judgment thereon by the court against the defendants this appeal is prosecuted by them.

There were three counts in the complaint as amended.  Count 1 charged simple negligence;  2, subsequent negligence;  and 3, wanton or willful negligence.  The defendant filed plea numbered 4 to the complaint and each count thereof.  Plaintiff demurred to this plea as answer to each count of the complaint, and the judgment entry recites:

"Plaintiff files demurrers to pleas 3, 4, and 5. The demurrers to plea 4 are by the court heard and considered;  whereupon it is ordered and adjudged by the court that said demurrers be and they are hereby sustained."

Assignment of error No. 4 reads as follows:

"For that the trial court erred in sustaining plaintiff's [appellee's] demurrers from 1 to 22, inclusive, to plea 4 of the defendants' [appellants'] answer;  said plea being in words and figures as follows: [Then follows a copy of plea 4.]"

[1, 2] An assignment of error should state concisely in writing in what the error con-

---

# 302

sists. Rule 1 of this court. When the assignment of error is uncertain and indefinite as to the particular error complained of, this court will decline to consider it. Nat. Fer. Co. v. Holland, 18 So. 170, 107 Ala. 412, 54 Am. St. Rep. 101; Provident Life & Acc. Ins. Co. v. Priest, 103 So. 678, 212 Ala. 576. The court by sustaining demurrers to plea 4 made three separate rulings, each of which was matter for three separate assignments of error. By this one ruling the court made three rulings, sustaining demurrers to this plea to counts 1, 2, and 3 of the complaint—matter for three separate assignments of error. As assigned, it is impossible, from the record and this assignment, for this court to determine which one of the three rulings was intended by appellants to be assigned as error. If appellants intended thereby to assign each of the three rulings of the court as error, then we will have one assignment of error claiming three rulings of the court to be erroneous. When three rulings of the court are assigned jointly as one error, then all three of the rulings must be erroneous in toto or the assignment must be held bad. Dabbs v. Letson, 98 So. 4, 210 Ala. 306.

This plea 4 filed to counts 1, 2, and 3 of the complaint attempts to set up as a defense to each count facts showing the plaintiff was guilty of contributory negligence which proximately contributed to his injuries. Count 3 is a wanton negligence count, and a plea of contributory negligence is not an available defense against a charge of willful or wanton negligence. Birmingham R., L., etc., Co. v. Haggard, 46 So. 519, 155 Ala. 343. The court properly sustained demurrer of the plaintiff to this plea 4 to count numbered 3 of the complaint. Assignment No. 4, assigning three rulings of the court as one error, cannot be good in toto; so we need not discuss and decide whether the court erred in sustaining demurrers of plaintiff to plea 4 as to counts 1 and 2. Globe, etc., Fire Ins. Co. v. Jones, 106 So. 172, 213 Ala. 656; Malone v. Reynolds, 105 So. 891, 213 Ala. 681, and authorities supra.

The plaintiff was driving his car with passengers in it along Nineteenth street, going from Docena to Ensley. It crossed a highway known as First avenue. The truck of the defendants was traveling this highway, First avenue, and was driven by Mike Giardina, one of the defendants. There was a collision between the automobile and the truck near the center of the intersection of the two highways. The general affirmative charge in writing was given by the court in favor of the defendants as to the wanton count, numbered 3.

[3] The defendants requested, and the court refused to give to the jury, the following written charge:

"Gentlemen of the jury, I charge you that, if you are reasonably satisfied from all the evidence that at the time of the alleged injuries and damages received by plaintiff the defendant did what a reasonably cautious and prudent man would have done under similar or like circumstances, then you cannot find for the plaintiff."

This charge was fairly and substantially covered by the general oral charge of the court in defining negligence. Section 9509, Code of 1923.

[4] The defendants requested, and the court refused to give to the jury, the general affirmative charges in favor of the defendants as to counts 1 and 2. There was evidence tending to show a right of recovery by the plaintiff under the simple and subsequent negligence counts, and there is a conflict in the testimony as to whether plaintiff was guilty of contributory negligence, as set up in special plea to count 1 (simple negligence), which proximately contributed to the injuries complained of. This being the condition of the testimony before the jury, these charges were properly refused by the court. Brown v. Mobile Elec. Co., 91 So. 802, 207 Ala. 61, headnote 8; McMillan v. Aiken, 88 So. 135, 205 Ala. 35, headnotes 9–11. A discussion of the testimony showing these tendencies, and conflicts therein, is not required, will benefit no one, and will unduly lengthen this opinion.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.