*(111 So. 55)*

No. 28297.

DEON v. KIRBY LUMBER CO. et al.

(Nov. 29, 1926.    Rehearing Denied Jan. 3, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Monopolies ⬤▷28—Act authorizing civil action for damages by restraint of trade merely sanctions principle that any injury to lawful business is actionable (Act No. 11 of Ex. Sess. 1915).**

Act No. 11 of Ex. Sess. 1915, so far as authorizing civil action for damages by restraint of trade and suppression of competition, merely sanctions legal principle that injury to lawful business is actionable, whether result of unlawful conspiracy or other wrongful act.

2. **Conspiracy ⬤▷3—Act, which individual may lawfully do, may be committed by combination for lawful object, though individual act creating no civil liability may be actionable if committed by combination.**

Act creating no civil liability if done by individual may be unlawful and actionable if committed by two or more persons in concert, but act, which would be lawful if done by individual, is lawful if committed by combination without unlawful object in view.

3. **Conspiracy ⬤▷3—Accomplishment of combination's lawful object does not warrant civil action, in absence of "malice."**

Carrying out of lawful object of combination is not a ground for civil action, in absence of "malice," that is, without just cause or excuse.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Malice.]

4. **Conspiracy ⬤▷3—Members of combination are not liable for injuries merely incidental to furtherance of its own fair interest or advantage.**

Members of combination, object of which is to further its own fair interest or advantage, and not to injure another, are not liable for merely incidental injuries.

5. **Torts ⬤▷10—One has no right to protection against lawful competition destroying business.**

While every one has right to enjoy fruits and advantages of his own enterprise, industry, skill, and credit, such right cannot be extended to protect him against lawful competition, though successfully directed to drive him out of business.

6. **Torts ⬤▷10—Employer is not liable to mercantile competitor for inducing employees to discontinue patronage by appeals, persuasion, and fear of discharge.**

There being no law compelling one to part with his property, employer in mercantile business may induce his employees to discontinue their patronage of competing establishment and give it entirely to him by appeals, persuasion, and creating fear of discharge, without making himself civilly liable to competitor.

7. **Monopolies ⬤▷28—Petition held to show that parties were mercantile competitors and that defendants' acts in inducing their employees to stop patronizing plaintiff were not malicious (Act No. 11 of Ex. Sess. 1915, §§ 1, 2; Civ. Code, art. 2315).**

Petition, in action for conspiracy to restrain trade and suppress competition, in violation of Act No. 11 of Ex. Sess. 1915, §§ 1, 2, or, in alternative, for malicious injury to plaintiff's business by inducing defendant's employees to discontinue their patronage, in violation of Civ. Code, art. 2315, *held* to show that plaintiff and defendants were mercantile competitors and that latter's acts were not done maliciously to injure plaintiff, but to secure their employees' patronage for themselves.

**8. Monopolies** ⬤⟶**28—Act denouncing as criminal and providing penalties for acts in restraint of trade creates no right of action for damages (Act No. 188 of 1916).**

Act No. 188 of 1916 merely denounces certain acts in restraint of trade as criminal, and provides penalty therefor, and creates no right of action against wrongdoer for damages.

**9. Torts** ⬤⟶**1—Party suing for breach of statutory duty must show imposition of duty for his benefit.**

Party suing for breach of duty imposed by statute must show that he had an interest in performance of duty and that it was imposed for his benefit, and, where it was imposed for another's benefit, and plaintiff's advantage by its performance is merely incidental and no part of statutory design, no right of action is created.

**10. Torts** ⬤⟶**8—Petition alleging malicious injury to social standing by forbidding others from visiting plaintiff held to state cause of action.**

Petition alleging that defendants acted maliciously, with intent to injure plaintiff's social standing and character, in forbidding and preventing defendants' employees and their families from visiting and associating with plaintiff and his family, *held* to state cause of action for damages.

**11. Appeal and error** ⬤⟶**917(1)—Acts alleged in petition must be accepted as true on appeal from judgment overruling exceptions of no cause of action.**

Acts alleged in petition must be accepted as true, for purpose of discussion, on appeal from judgment overruling defendants' exception of no cause of action.

**12. Torts** ⬤⟶**8—One unlawfully deprived of social relations with friends and neighbors is entitled to redress.**

One unlawfully deprived of legal right to enjoy social relations with his friends and neighbors is entitled to redress.

Appeal from Fourteenth Judicial District Court, Parish of Beauregard; Thos. F. Porter, Jr., Judge.

Action by James Deon against the Kirby Lumber Company and another. From a judgment overruling defendants' exceptions of no cause of action, they appeal. Affirmed.

162 LA.—22

Andrews, Streetman, Logue & Mobley, of Houston, Tex., and Pujo, Bell & Hardin, of Lake Charles, for appellant Kirby Lumber Co.

Fern M. Wood, of Leesville, for appellant Johnson.

Cline & Plaughe and Cullen R. Liskow, all of Lake Charles, and Ped C. Kay, of De Ridder, for appellee.

ROGERS, J. This is a suit for the recovery of damages for the alleged violation of the provisions of Act 11 of Ex. Sess. 1915 and, alternatively, under Civ. Code, art. 2315. Defendants' exceptions of no cause of action were overruled, and they appealed. The appeals are permissible, under section 13 of the statute.

Plaintiff, in his petition, sets forth, substantially, that the Kirby Lumber Company, one of the defendants, is a Texas corporation, operating a large sawmill plant and general merchandise store near the plant, at Merryville, in the parish of Beauregard. That O. E. Johnson, the other defendant, is the general manager in charge of its sawmill and store, with power to employ and discharge employees and to direct all activities, of whatsoever nature, connected with or incidental to the operation of the company.

It is alleged that some time prior to May 27, 1926, the petitioner purchased a lot of ground near the sawmill plant, erected a building thereon, stocked it with merchandise, and then opened it as a general mercantile store for business with the public.

It is alleged that a few days prior to the date on which petitioner opened his store for business, the defendant company, acting by and through its general manager and also through various foremen in charge of its various departments, and the defendant O. E. Johnson, individually, in a mass meeting called and held for the purpose, publicly notified and caused to be notified all the employees of the company that they were pro-

hibited from purchasing any goods or wares at petitioner's store, and, further, warned said employees that any of them who dealt or traded with petitioner or who visited his store or family would be immediately discharged.

It is alleged that the defendant company did, in fact at various times discharge a number of its employees for trading with and visiting petitioner's store or family; that it reduced the wages of other employees for so doing, and threatened to discharge a number of others if they persisted in dealing with petitioner.

It is alleged that the acts of the defendants amounted to and were a conspiracy and contract to boycott petitioner, were in restraint of trade on the part of the company's employees, and in violation of Act 11 of 1915. That said acts were done for the purpose of and succeeded in suppressing competition and in monopolizing the business of the locality, by forcing the employees of the defendant company to purchase articles of necessity and commerce exclusively from the company's commissary.

It is alleged that the conduct, threats, commands, acts of coercion, and intimidation set forth were done by and at the direction of the said Johnson in the course of his employment, and by the said defendant company, and with the full knowledge, consent, and active assistance of the company.

It is alleged that, as a result of defendants' actions, petitioner's business was totally ruined as it was entirely dependent upon the trade of the employees of the lumber company.

It is alleged that the acts of defendants, as set forth in the petition, have caused petitioner great annoyance and humiliation by reason of the notoriety thereby obtained in the neighborhood and the practical ostracism of himself and his family from the society of their friends, neighbors, and acquaintances.

In the alternative, petitioner averred that, if the acts complained of were not committed for the purpose of monopolizing the business and trade of the company's employees and did not amount to a conspiracy in restraint of trade, then the said acts were done with the wanton and malicious intent and desire on the part of the defendants to injure him in his business, social standing, property rights, and character.

The petition contains the necessary allegations as to the damages sustained, and the prayer is in accordance with the averments.

Plaintiff's contention, based on the facts alleged, is that three separate and distinct causes of action are set out in his petition, viz.:

First. That the defendants conspired to restrain trade, in violation of section 1 of Act 11 of 1915.

Second. That defendants' acts were done for the purpose of and succeeded in suppressing competition in handling the necessities of life, thus creating a monopoly in such commodities, in violation of section 2 of Act 11 of 1915.

Third. In the alternative, that defendants' acts were wanton and malicious and were committed for the purpose of injuring petitioner and to ruin his business, character, and social standing.

The court below overruled defendants' exceptions, holding that plaintiff's petition showed a cause of action under the first ground of his contention. The court did not pass upon plaintiff's other alleged causes of action.

Act 11 of 1915 was enacted to protect trade and commerce against unlawful restraints, combinations, conspiracies, and monopolies; to provide remedies against, punishment for, and to allow a cause of action in favor of persons injured by such acts.

Section 1 of the statute provides, in part:

"That every contract, combination in the form of trust or otherwise, or conspiracy, in restraint

of trade or commerce in the state of Louisiana is hereby declared to be illegal."

Section 2 of the legislative act provides, in part:

"That every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons to monopolize any part of the trade or commerce within the state of Louisiana, shall be deemed guilty of a misdemeanor," etc.

The question before us under the exceptions to the principal demands of plaintiff is whether the acts of the defendants complained of in the petition constituted a conspiracy to restrain trade or stifle competition, or to create a monopoly, so as to make them violative of and actionable under the public policy of this state, as expressed in the statute declared upon by plaintiff.

In dealing with the question thus presented, we may disregard defendants' contention that plaintiff, in his petition, has not shown the formation of a conspiracy for lack of persons; and we may accept, as did the court below, without admitting, except for the purposes of this opinion, the correctness of the construction placed by plaintiff upon his own petition, that it sets forth a conspiracy in the allegations showing that the acts complained of were committed by defendant Kirby Lumber Company, acting by and through defendant Johnson, as its manager, and individually, and its various foremen in charge of its various departments. The proposition, then, is, Are the acts charged against defendants prohibited by sections 1 and 2 of the statute relied on by plaintiff?

[1] The statute itself, in so far as it confers on the injured party a civil action for the recovery of damages for his injuries, is nothing more than the legislative sanction of the legal principle that any injury to a lawful business, whether the result of an unlawful conspiracy or other wrongful act, is actionable.

[2-4] It may be regarded as settled by the weight of authority that, while an act of an individual may not create a civil liability, the same act may be unlawful and actionable, if committed by two or more persons in concert. Nevertheless, it is equally well settled that where an act would be lawful if done by an individual, it will also be lawful if committed by a combination, provided they have no unlawful object in view. The carrying out of the object of such combination will not furnish ground for a civil action, if the element of malice, that is, the absence of just cause or excuse, is not present. If the object of the combination is to further its own fair interest or advantage and not to injure another, its members are not liable for injuries merely incidental thereto. [See 12 C. J. pp. 583, 584, and authorities cited.]

The test therefore to be applied to the acts complained of is whether they were done by the defendants, in concert or singly, with malice, or with the intention of injuring plaintiff without just cause or excuse.

[5] In applying this test, it may be observed that every one has the right to enjoy the fruits and advantages of his own enterprise, industry, skill, and credit. But this right cannot be extended so as to protect him against lawful competition, even though that competition be successfully directed to drive him out of business.

[6] It may also be observed that there is no law which compels a man to part with his property; hence, in this state, at least, an employer who is engaged in mercantile business may, without making himself civilly liable therefor, induce his employees to discontinue their patronage of competing mercantile establishments and give it entirely to him, by appeals, persuasion, and creating a fear that they would be discharged from their employment, if his requests were not complied with. Lewis v. Huie-Hodge Lumber Co., 121 La. 658, 46 So. 685; cf. McGee v. Collins, 156 La. 291, 100 So. 430, 34 A. L. R. 336.

[7] A fair construction of all the averments of plaintiff's petition leads to the inescapable conclusion that competition in mercantile business existed between him and the defendants Kirby Lumber Company and its general manager, and that the acts complained of were not done maliciously to injure plaintiff, but for the purpose of securing to the defendants the trade of certain customers whose patronage they could command. Plaintiff had no superior right to the trade of these customers or of any other person. If he was injured, as alleged, his injury was the result of lawful competition and is damnum absque injuria.

[8] Plaintiff argues that, in any event, the alleged restraint of trade and monopoly complained of were unlawful, under the provisions of Act 188 of 1916.

Defendants contend, first, that the statute is inapplicable, and, second, that it is unconstitutional, in that it embraces two objects both in title and in body.

It is unnecessary to discuss the constitutionality vel non of the legislative act, since we do not find it affects the issue presently before us.

[9] The statute merely denounces certain acts as criminal and provides penalties therefor. It does not, in its provisions, create a right of action for the recovery of damages against the wrongdoer. The case at bar is not a proceeding necessitating the punishment of the defendants for an infraction of the law. It will be time enough to determine the legal effect of the legislative act whenever one of the class of individuals, for whose benefit and protection it was enacted, complains of its violation. The rule of law referred to in State v. Board of Liquidation, 136 La. 571, 67 So. 370, is appropriate here, viz.:

"Wherever an action is brought for a breach of duty imposed by statute, the party bringing it must show that he had an interest in the performance of the duty, and that the duty was imposed for his benefit. But where the duty was created or imposed for the benefit of another, and the advantage to be derived to the party prosecuting, by its performance, is merely incidental and no part of the design of the statute, no such right is created as forms the subject of an action."

[10] Our conclusion is that plaintiff has failed to set forth a cause of action under its principal demands. Nevertheless, if he has failed to show an unlawful conspiracy and monopoly, he has under his alternative demand shown a cause of action to recover damages from either or both of the defendants.

The allegations of the petition on this point are, substantially, omitting the alleged injury to his business and property rights, that the defendants acted maliciously and with the intent of injuring plaintiff's social standing and character, in forbidding and preventing the employees of the defendant company and their families from visiting plaintiff and his family, and in depriving petitioner and his family of the society of their friends and neighbors, amounting to the practical ostracism of plaintiff and his family.

[11, 12] These acts, if true, and we must accept them as true for the purpose of this discussion, are not justifiable on the theory that they were necessary for the legitimate self-interest of the defendants. It is the legal right of every man to enjoy social relations with his friends and neighbors. He is entitled to visit them and their families and to have them visit him and his family. The free and unhampered exercise of the right is necessary to his happiness, comfort, and well-being. If he be unlawfully deprived of that right by others, he is entitled to redress.

For the reasons assigned, the judgment overruling defendants' exceptions is affirmed at defendants' costs.