134 So.2d 427

**BEASLEY–BENNETT ELECTRIC COMPANY, Inc.**

v.

**GULF COAST CHAPTER OF the NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION et al.**

I Div. 931.

Supreme Court of Alabama.

Nov. 2, 1961.

Caffey, Gallalee & Caffey, Mobile, for appellees.

Otto E. Simon of Moore, Simon & Layden, Mobile, for appellant.

SIMPSON, Justice.

Appellant filed a bill in the Circuit Court in Equity of Mobile County against the appellees, enjoining respondent "from engaging in a continuing * * * conspiracy * * * for the purpose of hindering, delaying or preventing the Complainant from carrying on his lawful business by continuing acts of blacklisting, threats and intimidation * * *".

The trial court sustained the demurrer of the respondents to the bill and complainant brings this appeal.

The bill, as last amended, shows that the complainant, an Alabama corporation situated in Mobile County, is engaged in the electrical contracting business in said city, and that respondents are the Gulf Coast Chapter of the National Electrical Contractors Association, an unincorporated association, and the other respondents are electrical contractors doing business in Mobile, the latter being members of the Gulf Coast Chapter of the National Electrical Contractors Association; that the complainant was at one time a member of the Gulf Coast Chapter of said association, but that in 1956 it withdrew and refused to pay dues set by the association; that after complainant had withdrawn from the association, the respondents during the years 1957 and 1958 and up until the time of this suit did wilfully, unlawfully, and by intimidation and unlawful inducement and blacklisting, cause various contractors to refuse to do business with the complainant and to deal with them in the electrical contracting business.

We quote from the pertinent portion of the last amended bill:

"Respondent members of the Gulf Coast Chapter * * * called numerous construction companies in the City and County of Mobile and told these contractors that if they accepted bids from the Complainant 'the electrical contractors would' not give any bids to the Contractors in the future! * * * By their actions, the Respondents were blacklisting the complainant in this suit."

Of the same substance is the following allegation:

" * * * that the Respondents themselves or through their agents or servants, contacted numerous prime contractors in the City and County of Mobile and informed the said contractors that if they continued accepting the electrical contracting bids from * * * complainant that respondent members of the Gulf Coast Chapter * * * would not in the future submit any bids to those prime contractors who accepted the bids of your complainant."

We are at the conclusion that the trial court ruled correctly in sustaining the demurrer. As we view the bill, the charges made against the appellees of "unlawful and by intimidation" or "unlawful inducement" or "blacklisting" are mere conclusions of the pleader. The complainant contends that the respondents were violating Title 14, § 54 et seq., Code 1940, which was designed to prevent unlawful interference with a lawful business "without a just cause or legal excuse". The bare allegation of the alleged wrong is not a sufficient allegation to withstand the asserted grounds of demurrer. There must be sufficient facts alleged with specificity to give adversary parties reasonable notice of what they must be prepared to meet. Woodward Iron Co. v. Marbut, 183 Ala. 310, 313-4, 62 So. 804; Ex Parte Gilbert, 253 Ala. 232, 43 So.2d 816. Quite evidently the bill is lacking in this respect. The acts alleged in the complaint are that the respondents (not specifying which respondents) at some unspecified time in 1957, 1958, or 1959, up to February 6 when the bill was filed "called numerous construction companies", also not specified, on one or many occasions, not specified, that "the electrical contractors", unidentified, would not submit any bids to these unidentified contractors in the future. These indefinite conclusions are not sufficient. By analogy see also Singer Sewing Machine Co. v. Teasley, 198 Ala. 673, 676 (3, 7), 73 So. 969.

But these technical reasons aside, for aught appearing from the allegations of the bill, the charges against the respondents do not rise to the dignity of a violation of any law for which they could be enjoined other than by conclusions unsupported by any sufficient allegations of fact. The most that can be said for the bill, construing its allegations most strongly against complain-

ant, is that the respondents were seeking by lawful competition to increase their own businesses by lawful means.

The principle is thus exposited: It is the policy of this state, as well as others, so far as we know, to encourage rather than suppress competition. This Court some time ago gave expression to that policy when it observed " 'that competition is the life of trade has passed into a proverb of the law' ". Alabama Independent Service Station Association et al. v. McDowell, Sheriff et al., 242 Ala. 424, 430, 6 So.2d 502, 507. Citizens' Light, Heat & Power Co. v. Montamery Light & Water Power Co., C.C., 171 F. 553, 562.

■ As stated in 30 Am.Jur., p. 88, § 48: "Competition in business, even though carried to the extent of ruining a rival, constitutes justifiable interference in another's business relations, and is not actionable, so long as it is carried on in furtherance of one's own interests". Also see 30 Am.Jur., pp. 83–84, § 41.

This principle seems to have been upheld in this jurisdiction as well as in others. In Denton v. Ala. Cotton Co-op., 30 Ala.App. 429, 432, 7 So.2d 504, 507, the Court of Appeals, speaking through the late, lamented Judge Rice, stated the apposite principle:

"So, too, it seems well settled that it is not unlawful for any number of persons, without an unlawful object in view, to associate and agree that they will not work for, employ or deal with certain individuals or classes of individuals. 'It is a part of every man's civil rights, that he be left at liberty to refuse business relations with any person whomsoever, whether the refusal rests upon reason or is the result of whim, caprice, prejudice or malice. With his reasons, neither the public nor third persons have any legal control.' Cooley on Torts, 2nd Ed., page 328. 'As one person may refuse to have business relations with another, so two or more may combine or agree

together not to deal with a particular person, for any reason they see fit, and no action will lie either to prevent the carrying out of this provision or for damages consequent upon its performance.' Cooley on Torts, 4th Ed., Sec. 231."

And this Court observed earlier in City Council of Montgomery v. Kelly, 142 Ala. 552, 559, 38 So. 67, 69, 70 L.R.A. 209:

"So long as his manner of conducting his business does not offend public morals, and work an injury to the public, it is his constitutional right to pursue, on terms equal to that allowed to others in like business, even though his methods may have a tendency to draw trade to him, to the detriment of competitors."

See also Alabama Independent Service Station Ass'n v. McDowell, supra; 15 C.J.S. Conspiracy § 12(e), p. 1016; Deon v. Kirby Lumber Co., 162 La. 671, 111 So. 55, 52 A.L.R. 1023, 9 A.L.R.2d 260.

■ We have perhaps written more than the brief of appellant should invite, since we may have transgressed some of our rules. The appellant's assignments of error apply equally to three orders of the trial court sustaining demurrer to three amendments to the bill of complaint. There are three amended bills of complaint and three decrees sustaining demurrers thereto, but appellant's brief does not specify the precise error relied on in the assignments of error, merely stating that "the court erred in sustaining the demurrer to the amended bill of complaint", etc. Such an assignment of error is violative of the principle that the assignment must specify the precise error relied on. "Precision is of the essence of this rule of practice" and without it review will not be undertaken. Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639.

■■ Where there are several rulings to any one of which the language of the

**36**

assignment might equally apply, the assignment manifestly fails to designate the precise error so as to be reviewed. "If the assignment of error is uncertain and indefinite as to the particular error complained of, this court will decline to consider it." Provident Life & Accident Ins. Co. of Chattanooga, Tenn. v. Priest, 212 Ala. 576, 578(2), 103 So. 678, 680. Other cases dealing with the pertinent subject are: Kinnon v. Louisville & N Railroad, 187 Ala. 480, 482, 65 So. 397; Globe & Rutgers v. Jones, 213 Ala. 656, 657, 106 So. 172; Giardina v. Stagg, 214 Ala. 301, 302, 107 So. 857; Murphy v. Pickle, 264 Ala. 362, 87 So.2d 844.

In view, however, of the earnest argument made by appellant in brief, with reference to the decree overruling the bill as last amended, we have exercised our discretion and considered it, but entertain the view that the lower court ruled correctly in sustaining the demurrer.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.