This is a case concerning unlawful interference and conspiracy to unlawfully interfere with a business.
The appellant, Battles, brought suit against San Ann Service, Inc., and Martin Oil Company. Battles's amended complaint contained three counts: Count one named San Ann only and alleged that San Ann unlawfully interfered with Battles's business. Count two named San Ann and Martin Oil and alleged a conspiracy to unlawfully interfere with Battles's business. Count three named Martin Oil only and alleged that Martin Oil had converted certain property.
After Battles presented his case, the trial court as to counts one and two granted a motion for directed verdict on behalf of San Ann and Martin Oil. The conversion claim against Martin Oil was submitted to the jury and a verdict of $2,000 was returned in Battles's favor. A judgment was entered on the jury verdict. Thereafter, Battles's motion for a new trial was denied.
Battles, through able counsel, appeals from the directed verdict in favor of San Ann and Martin Oil and from the trial court's denial of the motion for new trial. We find no error requiring reversal and affirm.
At the outset we note that San Ann has filed with this court a motion to dismiss the appeal. The basic premise of the motion is that there is no final judgment against San Ann which will support an appeal in that San Ann was not named in the final judgment. We disagree and deny the motion, thereby reaching the merits of the appeal. It is the policy of this court to "reach" the merits of an appeal whenever possible.
The record clearly reveals that the trial court granted San Ann's motion for directed verdict. The record is equally clear that a motion for new trial was made on behalf of Battles. This motion for new trial is bottomed, in part, on the premise that the trial court erred in granting the aforesaid directed verdict. The trial court denied the motion for new trial. Battles appeals and the notice of appeal states that the appeal is from the jury's verdict and resulting judgment and the trial court's actions denying the motion for new trial.
A party has a right to appeal from a circuit court decision refusing a motion for new trial. Johnson v. Hodge, 291 Ala. 142, 279 So.2d 123 (1973).
Furthermore, our supreme court has held that the test of finality of a judgment or decree to support an appeal is whether such judgment or decree "ascertains and declares such rights embracing the substantial merits of the controversy and the material issues litigated or necessarily involved in the litigation." Morton v. Chrysler Motors Corp., 353 So.2d 505
(Ala. 1977).
In view of the above, the denial of the motion for new trial taken in conjunction with the directed verdict and the final judgment constitutes a complete adjudication of the rights and liabilities of the parties concerned. See Morton v. ChryslerMotors Corp., 353 So.2d 505 (Ala. 1977). We therefore find that there is such a judgment as to support an appeal. *Page 927 
In regard to Battles's appeal, the record reveals the following:
Appellant Battles operated a gasoline service station in connection with Martin Oil Company. Battles received the three cents a gallon without regard to the retail price of gasoline. Martin Oil set the price per gallon at Battles's station and the pumps required a key to unlock and set the price on the machine.
There was also a verbal agreement between Battles and Martin Oil whereby Martin Oil agreed to keep the price of gasoline per gallon one cent above the price of gas sold by competing stations in the area. Appellee San Ann operated a station directly across the highway from Battles's station. San Ann also operated a station across from another Martin Oil station in a different part of the county where Battles's station was located.
Sometime in November, 1978, San Ann lowered the price per gallon of gasoline at the two stations located next to the Martin Oil stations. Martin Oil responded by lowering the price at Battles's station accordingly. Prices at the other Martin station were not lowered to "keep up" with San Ann. Each time Martin Oil set Battles's prices to within one cent of San Ann's, San Ann dropped the price lower. San Ann continued to lower prices and Martin followed at Battles's station until the price dropped below Martin's cost. By that time Battles had "run out" of gasoline. Martin Oil padlocked the pumps and never delivered any more gasoline to Battles's station.
Subsequently, Battles brought suit against San Ann for unlawfully interfering with his business. In addition, Battles's complaint was later amended to allege that San Ann and Martin Oil conspired to unlawfully interfere with Battles's business. As indicated above, a directed verdict was granted defendants on the conspiracy and unlawful interference counts. Battles moved for a new trial and was denied. He now appeals.
The dispositive issues on appeal are whether the trial court erred in granting a directed verdict in view of the evidence and whether the trial court erred in denying the motion for new trial.
The standard by which the trial court must determine the propriety of granting a motion for directed verdict, and our standard upon review, is the scintilla rule. Rule 50 (e), A.R.Civ.P. In civil cases, a question must go to the jury if the evidence, or any reasonable inference arising therefrom, furnishes the least or smallest trace or scintilla in support of the theory of the complaint. Turner v. Peoples Bank of PellCity, 378 So.2d 706 (Ala. 1979).
Therefore, the issue is whether there was a scintilla of evidence in support of Battles's complaint alleging conspiracy and unlawful interference with business. We hold that there was not and affirm.
A civil conspiracy has been defined in Alabama as being a combination between two or more persons to accomplish by concert an unlawful purpose or to accomplish a lawful purpose by unlawful means. Turner v. Peoples Bank of Pell City,378 So.2d 706 (Ala. 1979); Barber v. Stephenson, 260 Ala. 151,69 So.2d 251 (1954).
The evidence in the present case fails to show a conspiracy between San Ann and Martin Oil. Viewed in a light most favorable to Battles, the evidence shows that San Ann acted unilaterally in lowering its prices until Martin Oil could no longer profitably compete. By his own admission, Battles declined to sell gasoline at any price higher than one cent above San Ann's price. The record discloses no evidence of any obligation on the part of Martin Oil to supply Battles with gasoline. There is no indication that Martin Oil did anything other than look after its own business interests.
Battles relies on the testimony of the sales manager of Martin Oil as providing a scintilla of evidence sufficient to overcome the directed verdict standard. At the trial, Martin Oil's employee testified to a telephone conversation with a representative of San Ann. The gist of the testimony was that the San Ann representative declared *Page 928 
that San Ann would lower prices to whatever level it took to close up Battles's station.
This testimony clearly shows that Martin Oil acted from economic pressures, not from any conspiracy to interfere with Battles's business.
There being no evidence of any conspiracy, the trial court was correct in granting directed verdict to that count. The adjudication of the conspiracy count removed Martin Oil from the interference with business claim. At trial there remained only the conversion count against Martin which is not at issue here.
The claim against San Ann for unlawful interference with business rests on basically the same evidence as the conspiracy claim.
As indicated above, the evidence shows no unlawful action or purpose on San Ann's part. At most, San Ann engaged in what is commonly known as a "gas war." This state holds to the principle that "competition in business, even though carried to the extent of ruining a rival, constitutes justifiable interference in another's business relations, and is not actionable, so long as it is carried on in furtherance of one's own interests." Beasley-Bennett Electrical Co. v. Gulf CoastChapter of the National Electrical Contractors Ass'n, 273 Ala. 32, 134 So.2d 427 (1961). See also Byars v. Baptist MedicalCenters, Inc., 361 So.2d 350 (Ala. 1978).
There is nothing in the record to indicate that San Ann did anything illegal or anything legal for an illegal purpose. Clearly it is in one's best interest to drive a competitor out of business. And although it might appear cold and ruthless, there is nothing illegal in that, considering the facts and circumstances in the present case.
In view of the above, the trial court did not err in its action granting the motion for directed verdict and denying the motion for new trial.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.