The plaintiffs, Bridgeway Communications, Inc., Douglas Eason, and Lynette Eason, appeal from a summary judgment in favor of Trio Broadcasting, Inc., on the plaintiffs' claim that Trio tortiously interfered with their business and contractual relations.
The plaintiffs own and operate radio station WMML in Mobile, the city's first and only black-owned radio station. Trio owns radio station WBLX, which has the same "urban contemporary" format as WMML. The plaintiffs claim that, shortly after they began business, the defendant approached their advertisers with an advertising package that required them to cease doing business with WMML. The plaintiffs also claim that, when their agents approached these advertisers, the defendant made libelous statements to the effect that Douglas Eason was a homosexual, and that his wife, Lynette Eason, was a homosexual and an alcoholic.
The tort of intentional interference with business or contractual relations requires:
 "(1) The existence of a contract or business relation;
 "(2) Defendant's knowledge of the contract or business relation;
 "(3) Intentional interference by the defendant with the contract or business relation;
 "(4) Absence of justification for the defendant's interference; and
 "(5) Damage to the plaintiff as a result of defendant's interference."
Gross v. Lowder Realty Better Homes Gardens, 494 So.2d 590,597 (Ala. 1986) (footnotes omitted).
Justification is an affirmative defense, which the defendant must plead and prove. Id. at 597 n. 3. Legitimate economic motives and bona fide business competition qualify as justification for intentional interference with a competitor's business. Dunnivant v. Bi-State Auto Parts, 851 F.2d 1575, 1583
(11th Cir. 1988). In Bi-State Auto Parts, Dunnivant, an automotive parts retailer, alleged that another retailer in the same area had tortiously interfered with his business relations with suppliers when suppliers refused to do business, or discontinued doing business, with Dunnivant, causing him to go out of business. The other retailer had threatened to discontinue doing business with the suppliers because of their business with Dunnivant. The Eleventh Circuit held that the other retailer was not liable because he was acting for legitimate economic reasons.
In Beasley-Bennett Electric Co. v. Gulf Coast Chapter ofNational Electrical Contractors Ass'n, 273 Ala. 32,134 So.2d 427 (1961), the plaintiff claimed that the defendants had unlawfully interfered with its business relations with contractors by telling the contractors that if they accepted bids from the plaintiff, the defendants would not give them any bids in the future. This Court found that the defendants were engaged in lawful competition to increase their own business. The Court further held that "[c]ompetition in business, even though carried to the extent of ruining a rival, constitutes justifiable interference in another's business relations, and is not actionable, so long as it is carried on in furtherance of one's own interests." 273 Ala. at 35, 134 So.2d at 429.
Summary judgment is appropriate if there is no genuine issue of material fact *Page 224 
and the moving party is entitled to a judgment as a matter of law. A.R.Civ.P. 56(c). Silk v. Merrill Lynch, Pierce, Fenner Smith, Inc., 437 So.2d 112 (Ala. 1983). The defendant, Trio Broadcasting, produced evidence that, in regard to the matters in dispute, it was attempting to protect its own advertising clients, that it was trying to promote its new AM station, and that its advertising packages were not directed at WMML. Douglas Eason even admitted that it was a common practice in the radio industry to monitor other stations and that his own station monitored others in order to get advertising. Thus, because Trio produced evidence that there was no genuine issue of material fact and that it was entitled to a judgment as a matter of law, the burden shifted to the plaintiffs to show by admissible evidence that a genuine issue of material fact existed. Horner v. First Nat'l Bank of Mobile, 473 So.2d 1025
(Ala. 1985). The plaintiffs should have presented specific facts showing a genuine issue for trial rather than resting upon the mere allegations of their complaint. A.R.Civ.P. 56(e); KempMotor Sales, Inc., v. Lawrenz, 505 So.2d 377 (Ala. 1987).
The plaintiffs alleged in their amended complaint that WBLX's employees, in soliciting WMML's advertisers, made statements that Douglas Eason was a homosexual and that his wife was a homosexual and an alcoholic. The plaintiffs also alleged that WBLX sought to run WMML out of business because it is a black-owned station. The record, however, is devoid of any evidence to support these allegations. There was testimony by Douglas Eason that WBLX employees told advertisers that WMML could not pay its bills and was about to go out of business. This testimony, however, was hearsay and was not admissible in opposition to a summary judgment motion. Horner, 473 So.2d 1025
(Ala. 1985). Further, there is no admissible evidence that the advertising packages required the advertisers to cease doing business with WMML, only the hearsay testimony of Mr. Eason and his wife. The only advertiser questioned stated that he had advertised with WBLX previously and that he would not have advertised on both WBLX and WMML at the same time.
The summary judgment in favor of Trio Broadcasting is, therefore, affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.